THOMAS SNYDER ET AL. v. LILLY D. IVERS ET AL.

(Case No. 5012.)

1. DEED, DELIVERY OF — FACT CASE. — See statement of case for facts held
    sufficient to authorize a judgment based on the fact that a deed for land
    had been executed and delivered.

APPEAL from Montague.    Tried below before the Hon. C. C.
Potter.

Trespass to try title by Lilly D. Ivers, formerly Snyder, and her
husband, C. H. Ivers, against Thomas Snyder, Alice M. Smith,
Thomas H. Smith, Sawnie Robertson, B. F. Hodges, and A. K.

Work, administrator of Nimrod Snyder, to recover three hundred and twenty acres of land patented to W. W. Holman.

The petition alleged, in substance, that on April 5, 1876, Nimrod Snyder executed and delivered to his daughter, Lilly D. Snyder, now Ivers, a deed of gift of the Holman survey, which became lost or mislaid without having been registered; that afterwards Nimrod Snyder died, and defendant A. K. Work, as his administrator, appointed by the county court of Dallas county, Texas, had caused the land to be inventoried as the property of the estate of Snyder, and had procured an order of court directing him to sell the land for the payment of debts; that at such sale defendant Robertson became the purchaser, but the sale had not been confirmed; that defendants Thomas Snyder and Alice M. Smith were children and heirs of Nimrod Snyder, and that defendant Hodges claimed some kind of pretended title to the land.

Answer by general denial and plea of not guilty. Judgment for the plaintiffs.

The testimony of the plaintiff Lilly D. Ivers, as to the acts and declarations of her father and of all transactions between them, was excluded under art. 2248 of Revised Statutes; but the testimony of Alice M. Smith and Thomas H. Smith, the sister and brother-in-law of plaintiff Lilly D. Ivers, tended to establish the following facts: That Nimrod Snyder signed and acknowledged before a notary public a deed conveying the land in controversy to his daughter, the plaintiff Lilly D. Ivers. He declared it to be his intention to give this land to his daughter Lilly.

Mrs. Smith, a witness, testified that Lilly D. "owned the land." "She obtained the deed from Nimrod Snyder." "When Nimrod Snyder gave her the deed, or told her to take it, I do not remember if she did so, but he told her he would take it to Texas and have it recorded for her, and told me the same thing." He in the presence of Thomas H. Smith, in the city of St. Louis, showed this deed to his daughter Lilly, who was the grantee in the deed, and "gave her the deed or told her to take it," and told her that he would take it to Texas and have it recorded for her.

After this the last time that it was seen by any of the witnesses it was in his hands.

Nimrod Snyder, on several occasions, declared that he had conveyed this land to his daughter Lilly, one of these declarations being made after he came to Texas and while he and the witness, Thos. H. Smith, were standing on the tract of land in controversy.

The petition alleged the execution of the deed and its loss or de-

struction, and plaintiff's inability to produce the original or a copy. The plaintiff, Lilly D. Ivers, testified that she had made diligent search for it, but could not find it, and did not know where it was.


WEST, ASSOCIATE JUSTICE.— This case has been presented very fully and satisfactorily for our consideration, both by brief and oral argument. We have examined the questions discussed with great care, and are of opinion, upon a consideration of the whole case, that the evidence, taken as a whole, was sufficient to authorize the court in concluding, as it did, that Nimrod Snyder had in his life-time executed and delivered to his daughter, Lilly Ivers, a deed for the land in suit, but for some cause failed to have it recorded.

We are also of the opinion, under the facts developed by the evidence, that the loss or destruction of the deed was sufficiently proved to permit of the introduction of secondary evidence as to its existence, loss and contents.

That portion of the judgment of the district court which awarded execution for costs against the appellant, who was an administrator, was error, and in this respect the judgment will be here corrected; in all other respects it will be affirmed.

AFFIRMED.

[Opinion delivered April 15, 1884.]