JAMES A. RHODES AND WIFE v. J. H. JONES.

Decided June 29, 1901.

**1.—Mechanic's Lien—Pleading.**

Where, in an action against the husband and wife to enforce a mechanic's lien on homestead property, the petition merely alleges in general terms that defendants executed a joint mechanic's lien on the property, it is subject to special demurrer, since the manner in which a statutory lien has been created must be alleged in an action for its foreclosure.

**2.—Same—Homestead—Waiver.**

A waiver by the husband of all claims for damages against the contractor

(plaintiff) for failure to comply with the contract in building the house would not affect the right of the wife to assert the invalidity of the mechanic's lien if the property was homestead, and no liability had in fact attached by reason of plaintiff's failure to substantially comply with his contract.

**3.—Same—Breach of Contract by Builder—Lien Lost.**

Where the builder fails to comply substantially with his contract, his right to maintain an action to enforce the mechanic's lien is lost, and his remedy, if any, is upon a quantum meruit.

Error from Dallas. Tried below before Hon. J. J. Eckford.

*Plowman & Baker,* for appellants.

*C. A. Rasberry,* for appellee.

RAINEY, CHIEF JUSTICE.—The appellee brought this suit against appellants to recover on certain promissory notes executed by Rhodes and wife, and to foreclose a mechanic's lien on certain premises described in plaintiff's petition. Defendant answered, admitting the execution of the notes sued on, but alleged nonliability thereunder because of failure of the consideration on which said notes were based, in that plaintiff had failed to construct a dwelling house upon the lots described in compliance with the contract entered into with them. That by the failure to comply with said contract no valid lien was legally fixed upon said premises. It is further alleged that said premises were the homestead of defendants. After hearing the evidence the court instructed the verdict for plaintiff, which was returned accordingly and judgment entered against said James A. Rhodes for the amount of the notes sued on, and against both defendants for foreclosure of the lien.

The first and second assignments of error complain of the court in overruling the general and special demurrers to plaintiff's petition. We are of opinion that the court did not err in overruling the general demurrer. We are of a different opinion, however, as to overruling the special demurrer, which was: "She specially demurs to said petition in that it does not appear from said petition that she executed and acknowledged the execution of any lien on said property in such manner required by law so as to create thereby on her part any lien on said property, and of which special demurrer she prays judgment of the court."

The allegationes of plaintiff's petition regarding the execution of the lien are as follows: "Plaintiff further avers that for the purpose of better securing the payment of the above described series of notes, said defendant, on said June 21, 1897, made, executed, and delivered to plaintiff a certain joint mechanic's lien contract on that date whereby they pledged the land hereinafter described to secure the payment of said notes." In order to create a lien our statute provides how it must be done, and the manner in which it was created must be alleged in the petition. "A party seeking to enforce a mechanic's lien must by his pleading bring the same strictly within the terms of the statute, and must show his right to the lien against the defendant. It must be

shown that the claimant has taken the requisite steps to create the lien." 13 Enc. of Pld. and Prac., p. 969; Phillips on Mech. Liens, secs. 404 to 409, inclusive; Guadalupe County v. Johnson, 1 Texas Civ. App., 713. The petition does not conform to the rules of pleading as enunciated by the authorities cited.

On the trial the court admitted in evidence over the objections of Mrs. Rhodes a certain instrument executed by her husband, James A. Rhodes, which in effect waived all claims he had against plaintiff for the failure of plaintiff to comply with his contract in building the house. This instrument was properly admitted, as it was a settlement of defendant's claim for damages resulting from the failure, if any, of plaintiff to comply with the contract, and prevented defendant from a recovery therefor. The appellee insists that such waiver estops defendants from claiming that the mechanic's lien is invalid because of failure to comply with the contract. The waiver by the husband of the claim for damages would not affect the wife's right to assert the invalidity of the lien, if it was a homestead and no lien had in fact attached by a failure of plaintiff to substantially comply with his contract. If the house was built upon the homestead, the court should have limited said evidence to the question of damages as an offset to the notes, as it could only be considered for that purpose.

The court erred in peremptorily instructing a verdict for plaintiffs. The evidence was sufficient to require a submission of the cause to the jury on the issues of homestead, and, if a homestead, whether there was such a substantial compliance with the contract by plaintiff as to create a lien upon the premises. If the plaintiff failed to comply substantially with the contract, then his right of action was not on the contract, but on a quantum meruit, in which case no lien existed.

Where a building contract is breached in a substantial manner, the builder's rights to maintain an action under the mechanic's lien law is lost. Paschall v. Savings and Loan Co., 19 Texas Civ. App., 102.

The evidence introduced by defendant as to whether there was a substantial compliance with the contract to build was sufficient to require that issue to be submitted to the jury, and the court erred in not so doing.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*