## L. C. HUFF v. L. D. POWELL ET AL.

### Decided January 22, 1908.

**1.—Contract—Sufficiency of Evidence.**

In support of a plea of settlement of the note sued on by the payee accepting from the maker the note of third parties to the latter in discharge thereof, evidence merely that the payee said that she had bought such latter note from her debtor was insufficient to justify submission of the issue.

**2.—Amendment—Practice.**

Permitting an amendment of defendant's pleadings after the evidence was concluded was within the discretion of the court, and its refusal ground for reversal only where such discretion was abused, which does not here appear.

**3.—Evidence—Suit by Executors.**

In suit by executors on a note given to their testatrix, defendant's evidence that her agents had accepted from him the note of third parties in settlement of his indebtedness, and that on their repudiation of such contract he had gone with the note and one of the makers to her to get their action overruled, should have been admitted, it bearing on the effect of subsequent statements by her, proven by other witnesses, that she had bought the note from him, and not being in contravention of the statute as to evidence by parties as to transactions with deceased.

Appeal from the District Court of Caldwell County.    Tried below before Hon. L. W. Moore.

*E. B. Coopwood,* for appellant.—Where there is any evidence tending directly or by reasonable inference to prove defendant's case as set up in his answer, it is error to give a peremptory instruction to find for the plaintiff.    68 S. W., 1014; 74 S. W., 507; 73 S. W., 281; 26 S. W., 242; 38 S. W., 764.

The refusal of the court to permit such trial amendment to be filed was an abuse of the discretionary power of the court.    District Court Rules, 27; Boren v. Billington, 18 S. W., 101; Insurance Co. v. Riechmon, 40 S. W., 831; Davis v. Farwell & Co., 49 S. W., 656.

The court erred in refusing to permit the defendant L. C. Huff to state to the jury what his intentions were in going to see his sister in company with witness Blum as set out in bill of exceptions No. 4.    Because under the law this defendant had a right to give his reason for going to see Mrs. Johnson and had a right to explain to the jury what act he had performed by reason of an agreement between him and Mrs. Johnson and because such evidence would explain the future acts and conduct of both the defendant L. C. Huff and his sister, Margaret A. Johnson.

*P. J. Greenwood* and *A. B. Storey,* for appellees.—No briefs were on file.

RICE, ASSOCIATE JUSTICE.—The appellees, L. D. Powell and Geo. F. Huff, executors of the estate of Margaret A. Johnson, deceased, filed this suit against appellant L. C. Huff upon a note executed by him in favor of Mrs. Margaret A. Johnson, deceased, the note being for the sum of $2,530, credited with $1,087.65, and for the foreclosure of a mortgage lien on certain live stock, executed by appellant to secure the payment thereof.

Appellant answered by general demurrer and general denial, and specially alleged that the note upon which suit is filed had been fully paid by the delivery to Mrs. Margaret A. Johnson in her lifetime, or to her agents, of a certain note executed by H. B. Bluhm and A. M. Hodge, payable to his order, which said note was accepted by her in full payment and satisfaction of said note and mortgage sued upon.

Appellees replied to the answer of appellant denying that said note had been accepted by Mrs. Margaret A. Johnson in payment of the note sued upon herein.

Appellant filed a written admission, acknowledging that appellees had a good cause of action, except to the extent that it might be defeated, in whole or in part by the facts set up by him in his answer, and requested to be permitted to assume the position of plaintiff as to the special defenses pleaded by him, which was granted.

After appellant had offered all of his testimony, the court instructed the jury to return a verdict in favor of plaintiffs for the full amount sued for, with foreclosure of mortgage lien as prayed for, which was done, from which judgment appellant prosecutes this appeal.

By his first two assignments of error appellant assails the action of the trial court in instructing a verdict in behalf of the plaintiffs, because he contends that the testimony justified a submission of the issue to the jury as to whether the Bluhm and Hodge note had been accepted by Mrs. Johnson in payment of the note sued upon, and therefore, that the court erred in refusing to submit that issue to the jury. While we recognize the rule that where the evidence tends, either directly or indirectly, to sustain an issue as made by the pleadings, it is error to instruct the jury to return a verdict without submitting such issue to the jury, still, under the pleadings and evidence before the jury, we do not believe that the court erred in instructing a verdict for plaintiffs.

It was alleged by appellant that the note of Bluhm and Hodge had been delivered either to Mrs. Johnson or her agents and had been accepted by her or them in payment of the note sued on, and therefore that he was entitled to a credit on the note sued upon for the full face value of the Hodge and Bluhm note. The witness Bluhm testified that Mrs. Margaret Johnson told him that she had bought the note (meaning the Hodge and Bluhm note) from the appellant, and that when he and Hodge got ready to pay the same that they should pay the note to her instead of to appellant, and that she then had the note in question in her possession. Steve Huff, a brother of appellant and Mrs. Johnson, testified that the day after the conversation between Bluhm and Mrs. Johnson, above referred to, she told him that she had bought the Hodge and Bluhm note from appellant; and that subsequent to Bluhm and Hodge filing a petition in bankruptcy she stated to him that she was afraid that she would lose part of the note that she had purchased from appellant, as she had heard that Bluhm and Hodge had filed a petition in bankruptcy.

We think that while this testimony goes to establish the fact that Mrs. Johnson purchased from appellant said note, still, standing alone, it does not show that she had accepted the same in payment of the note sued upon, the other testimony having a tendency in this direction having been excluded by the court, because this testimony might be true and yet she might have paid appellant therefor in some other way. We therefore overrule these assignments.

By his third assignment of error, appellant complains of the action of the trial court in refusing to permit him to file his first trial amendment after the conclusion of the evidence. After ap-

pellant had closed his testimony the plaintiffs moved the court to instruct the jury to find for them, because defendant had pleaded that Mrs. Johnson had accepted the Bluhm and Hodge note in payment of the note sued upon, and as a credit thereon, whereas the testimony offered by appellant was to the effect that she had bought the Bluhm and Hodge note, in effect suggesting a variance between the allegation and proof offered in support thereof. Whereupon appellant then asked leave of the court to file his trial amendment, pleading in the alternative that if the facts showed that Mrs. Johnson had bought the Bluhm and Hodge note at its face value, that he had never received any consideration for same, and that her estate was indebted to him for the full value of said Bluhm and Hodge note, and asked that he be allowed a credit for the amount of said note on any judgment that might be rendered against him in this suit, pleading the same in setoff as against plaintiffs' demand. The court refused to permit the amendment, and instructed the jury to find for the plaintiffs. We understand the rule to be, notwithstanding the statute expressly forbids the amendment of pleadings after announcement of ready for trial, that the court in its discretion has the right to permit an amendment when the same is necessary for the attainment of justice and would not work a hardship, injury or surprise to the other party, or would not operate as a postponement or continuance of the case. But this is a matter within the discretion of the court, and our attention has not been called to any case where such action has been held cause for reversal. We therefore overrule this assignment.

Appellant contends by his eighth assignment of error that the court erred in refusing to permit him to testify that during the fall of 1902, he being indebted to his sister, Mrs. Margaret Johnson, and while her business was in the hands of her agents, he gave to her said agents certain notes for which they agreed to give him credit on his indebtednes to his said sister; that the Hodge and Bluhm note was among these notes; that during said fall, and while he was having settlements with said agents, they refused to allow him a credit for the Hodge and Bluhm note in accordance with their agreement, returning the same to him; that before this transaction he had had differences with said agents, and that he had always gone to his sister and adjusted with her in person such matters as he could not agree upon with said agents; that after said agents refused to allow him a credit for the Bluhm and Hodge note, he and Mr. Bluhm, one of the makers of said note, went to his sister for the purpose of inducing her to accept said note at its face value as a credit on the note sued upon herein.

We think this evidence was admissible, or at least that portion thereof stating that he had delivered the Hodge and Bluhm note to the agents of Mrs. Johnson, and that they agreed to give him a credit therefor on the note herein sued upon, and that after the refusal of said agents to allow him a credit for said note, as they had agreed to do, he went, in company with Mr. Bluhm, to see his sister for the purpose of adjusting the controversy with her. Defendant having set up in his answer that Mrs. Johnson or her

agents had received the Hodge and Bluhm note and agreed to credit the full amount thereof upon the note sued upon herein, it seems to us that this testimony was admissible for the purpose of supporting this allegation; and, without intimating any opinion as to the sufficiency of said evidence to prove the issue thus tendered, we think it was relevant and pertinent and should have been admitted by the court for the consideration of the jury. We do not think that the introduction of this testimony would have been in contravention of article 2302 of the Revised Civil Statutes. We do not, however, wish to be understood as holding that appellant should be permitted to testify to anything said or done by or between him and his deceased sister. He could explain why he had accompanied Bluhm to see his sister, but he would not be permitted to testify to anything that occurred between him and his sister while there; and, certainly, the testimony of Bluhm as to what Mrs. Johnson, the deceased, may have said to him relative to this transaction was admissible and would not come within the inhibition of the statute.

Without discussing the other assignments of error we hold that the same present no reversible error, and believing that the court erred in refusing to admit the testimony as heretofore indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*