RUSSELL et al. v. BECKERT et al.
(No. 5861.)

(Court of Civil Appeals of Texas. San Antonio. May 16, 1917.)

1. DEEDS ⬥195 — CANCELLATION — LACK OF CONSIDERATION—BURDEN OF PROOF.

Where a deed to land recited receipt of consideration, the burden is upon the person suing to cancel it for lack of consideration to show that the purchase money was not paid.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 584–586.]

2. WITNESSES ⬥159(3)—TRANSACTIONS WITH PERSONS SINCE DECEASED.

In suit to set aside deed for alleged nonpayment of purchase money, where defendant died, testimony of his wife that on a certain day he went to O. with $1,000 and came back without it, $1,000 being the consideration named in the deed, did not offend the rule of Rev. St. 1911, art. 3690, prohibiting testimony as to any transaction with or statement by the deceased.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 669.]

3. DEEDS ⬥59(1)—RECORD—EFFECT.

When the grantor offers a deed for record he constructively delivers it to the grantee.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 136.]

4. PAYMENT ⬥65(4) — CONSIDERATION—PRESUMPTIONS.

A recital in a deed that the purchase money has been received is prima facie evidence of payment.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 170.]

Error from District Court, Bexar County; W. F. Ezell, Judge.

Suit by R. H. Russell and others against August Beckert and others. On suggestion of defendant's death his widow and children were made defendants. Judgment for defendants, and plaintiffs bring error. Affirmed.

W. H. Russell, of San Antonio, for plaintiffs in error. Gordon Bullitt and Selig Deutschman, both of San Antonio, for defendants in error.

FLY, C. J. This is a suit originally filed against August Beckert by plaintiffs in error, hereinafter denominated plaintiffs, but afterwards in the third amended petition it was alleged that August Beckert died, leaving surviving him his widow, Mrs. Phillipine Beckert, and two sons and four daughters, all of whom were made defendants, and will be so named, herein. The suit was instituted to cancel a certain deed made by R. C. Russell, deceased, of whose will plaintiffs were executors, conveying to August Beckert lots on Alamo Heights, in the city of San Antonio, on the ground of his obtaining a delivery of the same without paying for the land. In the alternative it was asked that plaintiffs have a judgment against defendants in the sum of $1,000, and that a lien for the purchase money be foreclosed on the land described in the deed. The cause was tried by jury, resulting in a verdict and judgment in favor of defendants.

The deed from R. C. Russell and Margaret F. Russell, his wife, to August Beckert, was of date June 28, 1911, and recited full payment of $1,000, the purchase money. It contained a full warranty clause, and no lien was reserved. It was recorded in Bexar county, Tex., on August 8, 1911. The property has since that time been rendered for taxation by the Beckerts. In the ledger of R. C. Russell was entered:

"June 28th, deeded to August Beckert lots Nos. 48, 49, and 50 in block 49, Alamo Heights subdivision, $1,000."

About that time August Beckert, grantee in the deed, left his home near New London, Wis., with $1,000, and went to Oshkosh, where R. C. Russell lived. He returned without the money. R. C. Russell died on August 31, 1911, after an illness of about two weeks.

The deed recited full payment of the purchase money, and the deed was delivered to the grantee, through the mail, in August, 1911. There was no evidence, whatever, of fraud in obtaining possession of the deed. It was filed for record on August 3, 1911, in Bexar county, Tex., by request of R. C. Russell, to his grandson, William H. Russell. On June 24, 1911, the deed was sent to the grandson to obtain the signature of Mrs. R. C. Russell, who was visiting in San Antonio, and, at the request of R. C. Russell, who wrote that he was "in a hurry for the money," it was promptly returned to him. On July 24th the deed was returned to Wm. H. Russell, in San Antonio, for record. It was received on July 28th and August 3d was filed for record. R. C. Russell was a good business man, and it is not probable that he would have had the deed recorded before he had received the purchase money. All the facts indicate the payment of the money.

[1] The burden was upon appellants to show nonpayment of the purchase money, and they failed to adduce evidence even tending to prove that the money was not paid. On the other hand, there were circumstances, independent of the evidence of Mrs. Beckert, as to her husband going to

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Oshkosh with $1,000 and returning without it on the same day, sufficient to show payment.

[2] The first assignment of error complains of the admission of the testimony of Mrs. Beckert as to the $1,000 hereinbefore mentioned, invoking article 3690, Revised Statutes, to sustain the position of plaintiffs, which prohibits, in actions by or against executors, administrators, or guardians, either party from testifying to "any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party." We do not think the evidence was obnoxious to the provisions of the statute. Mrs. Beckert did not testify to any "transaction with, or statement by," R. C. Russell. She merely testified to the independent fact that on a certain day her husband left home for Oshkosh with $1,000 and returned without it. In the case of Potter v. Wheat, 53 Tex. 401, appellant offered to show that, in pursuance of a contract with Samuel Wheat, deceased, and him, he raised certain corn and put it up in barns subject to the order of Wheat, and the Supreme Court held:

"In our opinion the testimony of Potter as to what had been done with the corn raised, in order to show payment, was erroneously excluded. The statute does not disqualify a party to a suit by an administrator from testifying in the case, except 'as to a transaction with, or statement by, the intestate.' * * * The evidence offered was not as to what had transpired between the deceased and defendant, nor as to what statements deceased had made, but as to what defendant himself had done. Such evidence could only be excluded on the ground that the statute forbids a party from testifying at all in his own behalf in a suit against him by an administrator."

To the same effect are Huff v. Powell, 48 Tex. Civ. App. 582, 107 S. W. 364; Williams v. Neill, 152 S. W. 693; Lester v. Hutson, 167 S. W. 321. August Beckert could have testified to the same facts, had he been alive, that his widow did. As before stated, had the evidence been excluded, appellants had failed to make out a case, and in no event could recover. There was no evidence tending to show that the money was not paid.

[3, 4] There was constructive delivery of the deed made by the grantor to the grantee on August 3, 1911, when it was recorded in Bexar county. Snyder v. Ivers, 61 Tex. 400; Newton v. Emerson, 66 Tex. 142, 18 S. W. 348. No fraud was attempted to be shown that was used to procure such delivery. Such delivery took place at the instance of the grantor three weeks before he became sick, and Harriett Beckert, the daughter of grantee, had nothing to do with such delivery. The recital in the deed of payment of the purchase money was prima facie evidence that it was paid. Haldeman v. Chambers, 19 Tex. 1; Williams v. Talbot, 27 Tex. 159. The prima facie case made by the recital of payment was not destroyed by any evidence offered by plaintiffs.

The judgment is affirmed.