## BOWER v. NELSON.

### No. 3912.

Court of Civil Appeals of Texas. El Paso.

Feb. 23, 1940.

Rehearing Denied March 21, 1940.

Ditzler H. Jones, of Uvalde, for appellant.

John W. Hill, of Rocksprings, for appellee.

PRICE, Chief Justice.

This action was instituted in the District Court of Edwards County by Mrs. H. G. Nelson, as plaintiff, against H. Bower, as defendant. One count of plaintiff's petition was in trespass to try title, seeking to recover title and possession of a tract of land in Edwards County containing 109 acres, being a part of the Solomon Page League and Labor; in the alternative, the cancellation of a purported deed of trust executed and delivered on the 7th day of February, 1931, by Alfred Nelson, the deceased

husband of plaintiff, to S. W. Stroud. This deed of trust purported to secure five notes of $300 each, and in the deed of trust recited to be part of the purchase money of the tract of land above described. The notes were payable to Stroud and signed by Nelson. It was alleged that the notes were not for purchase money; that at the time of the giving thereof the property was and had been the homestead of plaintiff and her now deceased husband; that the property was the separate property of plaintiff, having been paid for with the separate funds of plaintiff; that the property in question had been deeded to Alfred Nelson on March 16, 1926 by Stroud for a cash consideration of $2313, and that all of same was paid at that time, the separate funds of plaintiff being used to make such payment. Various statutes of limitation were pleaded by plaintiff. The transfer of the deed of trust from Stroud to Bower was also sought to be cancelled.

Defendant Bower answered by plea of not guilty, and sought to have the heirs of Alfred Nelson, deceased, made parties; by cross action impleaded S. W. Stroud, and sought judgment for his debt, together with a foreclosure of the deed of trust lien; and set up that he was an innocent purchaser of the notes and deed of trust in due course before maturity of the notes; that the notes were endorsed in blank by Stroud. Appellant sought judgment for the debt against Stroud, the establishment of the debt as to plaintiff and the other heirs of Alfred Nelson, with foreclosure of the deed of trust.

All of the heirs at law of Alfred Nelson, deceased, appeared in the proceeding and filed a disclaimer in favor of appellee, who was their mother.

Citation was issued and served upon Stroud on the cross action of appellant, but answer was not filed by Stroud to the cross action.

The trial was by the court and judgment was in favor of the plaintiff for the land, for the cancellation of the deed of trust and the transfer thereof, and that appellant recover of Stroud on the notes. All other relief sought by the cross action was denied. The judgment was by default against Stroud.

On motion of appellant the court made findings of fact and conclusions of law. These findings are very clear, covering all issues in the case and sustained throughout by the evidence. The conclusions of law, as filed, are sustained by the facts found.

Defendant Bower perfected an appeal from the judgment rendered and the case is here for review.

Plaintiff was the surviving widow of Alfred Nelson, deceased, who died intestate sometime in the year 1935. No administration was taken out on the estate of Nelson, as at the time of his death he was not seized of property subject thereto. The property in controversy was conveyed by S. W. Stroud to said Alfred Nelson by deed dated the 16th day of March, 1926, the deed reciting the payment of $2313, and acknowledging receipt thereof. The trial court found that the money used in the payment of the consideration therein recited was from the separate estate of plaintiff and that the total consideration had been paid as recited.

On the 7th day of February, 1931, Alfred Nelson executed and delivered a deed of trust to W. A. Morris, as trustee for S. W. Stroud, purporting to convey the property to said Morris for the purpose of securing Stroud in the payment of five promissory notes in the sum of $300 each, signed on the date of the deed of trust by Nelson and payable to Stroud. It is recited in the deed of trust that the notes were given as part payment of the land in controversy, conveyed by deed as aforesaid by Stroud to Nelson on March 16, 1926, "and upon which said land a vendor's lien is intended to be retained." The above recitals were made in the instrument as to each of the notes. The deed from Stroud to Nelson of date March 16, 1926 was of record on the date of the execution of the above described deed of trust. On or about the 7th day of February, 1931, defendant Bower bought these notes before maturity from Stroud, paying therefor the sum of $1000. Stroud endorsed the notes in blank and at the same time executed and delivered the transfer of the deed of trust to Bower. Bower paid for the notes without any investigation as to whether or not same were secured by vendor's lien, and in so doing relied solely on the recitals in the deed of trust.

Appellee from the date of the deed from Stroud to Nelson, March 16, 1926, to the date of the death of her husband in 1935, occupied the property as a homestead and from his death has continuously occupied same as such.

604

The only evidence that Nelson did not pay in cash for the land, as recited in the deed of March 16, 1926, is the recital in the subsequent deed of trust of February 7, 1931, in which appellee did not join.

The legal propositions governing the disposition of this case are few and simple. Article 16, Section 51, of the Constitution, Vernon's Ann.St., defines "rural homestead." The land here involved is indisputably such homestead. Section 50 of the same article of the Constitution provides for the exemption of such a homestead and the exceptions, and further provides that no mortgage, trust deed, etc., shall ever be valid except for the purchase money, etc.

■ The lien sought to be enforced is a deed of trust lien on a homestead. It was given subsequent to the time the property became such. Unless in truth and in fact it represented unpaid purchase money, it is invalid. The vendor's lien asserted by appellant is an implied one; the deed negatived the existence of any other sort of lien. The evidence fails to show a contract for a vendor's lien—other, of course, than the deed of trust itself.

■■ In order that there be a vendor's lien there must be a showing that part of the purchase money is unpaid. It would seem that one asserting such a lien has the burden of proving the facts necessary to establish same.

■ On March 16, 1926 appellant's predecessor in title, in a deed in the chain of title under which appellant claims, made a declaration that the purchase money of the land had been paid in full. This declaration is entitled to considerable credit as to the truth of the facts recited. Martin v. Weyman, 26 Tex. 460; Russell v. Beckert, Tex.Civ.App., 195 S.W. 607; Luna v. Johnston, Tex.Civ.App., 11 S.W.2d 350.

■ The recitation in the deed of trust of February, 1931, is an admission and declaration by Alfred Nelson that the purchase money for the land in controversy had not been paid to the extent of $1500. It is true, a husband acting in good faith has very broad powers as to a valid encumbrance on the homestead. White v. Shepperd, 16 Tex. 163, 172; McDougal v. Bradford, 80 Tex. 568, 16 S.W. 619. However, to vest this authority in the husband, the homestead must be subject to a valid lien. After the homestead rights have attached the husband, acting alone, cannot create a lien against same.

■ Here the trial court has found on conflicting evidence that the consideration for the conveyance was paid in full on the execution of the deed to the homestead. This finding is amply supported by the evidence. Such finding must be the basis of the application of the law. Under the above cited provisions of the Constitution this deed of trust is and was at all times utterly void.

■ There is a contention in substance that appellee is estopped to set up the defense of homestead. It is true that her husband represented in the deed of trust in question that the notes evidenced a purchase money obligation. But, even though the homestead had been community property, the wife would have to have been guilty of active deceit or concealment before an estoppel would be effective as to her homestead rights. Her husband had no right to mortgage same; and by his conduct alone by estoppel cannot create a mortgage forbidden by the Constitution. Rhodes v. Jones, 26 Tex.Civ.App. 568, 64 S.W. 699.

The evidence totally fails to show any participation by appellee in the deed of trust. In fact it tends strongly to show that she knew nothing about it until a short time prior to the institution of this action by her.

■ Appellant asserts that in any event he was entitled to a judgment establishing his debt against the estate of Alfred Nelson. It was agreed that there was no administration on the estate and, further, there was no necessity therefor. This agreement precludes a judgment against the estate. The heirs were parties to this suit, but it was not shown that they inherited any property. The homestead, even had same been community property, was not subject to debts. Hoefling v. Hoefling, 106 Tex. 350, 167 S.W. 210.

We deem the issues we have discussed basic and fundamental and controlling in this case. All other assignments of error urged against the judgment have been carefully considered and same are hereby overruled.

The judgment is affirmed.