No. 5174.

## THE GULF, COLORADO & SANTA FE RAILWAY COMPANY
## H. H. RAMBOLT.

JURISDICTION.—Section 8, Article 5, of the Constitution, confers on the district court jurisdiction of all suits when the matter in controversy shall be valued at or amount to five hundred dollars, exclusive of interest. Construing this section in connection with section 16 of the same Article, which provides that the county courts shall have exclusive original jurisdiction in all civil cases when the matter in controversy shall exceed two hundred dollars and not exceed five hundred dollars, exclusive of interest, and concurrent jurisdiction with the district courts when the matter in controversy shall exceed five hundred and not exceed one thousand dollars, exclusive of interest, *held:*

(1) There is an irreconcilable conflict between the two provisions— since the district court can not have jurisdiction when the amount involved is precisely five hundred dollars, and the county court exclusive jurisdiction for the same amount.

(2) But the provision in section 16 is more comprehensive as well as more specific than that in section 8, and, under a canon of construction, should be regarded as the more accurate expression of the law makers' intent.

(3) In construing repugnant provisions of a Constitution, it would seem that the last provision should prevail, but as applied to the organic law, this rule should be acted on only as a last resort.

(4) The district court has no jurisdiction of a suit to recover money of the exact amount of five hundred dollars.

APPEAL from Milam. Tried below before the Hon. W. E. Collard.

*Ballinger, Mott & Terry,* for appellant.

*E. L. Antony,* for appellee.

In this case the jurisdictional question, to a discussion of which the opinion is devoted, was not raised by plea, exception, assignment of error, or proposition in the briefs of counsel, which were devoted to a discussion as to whether the Act of April 10, 1883, was a repeal of the penalty given by the law under which this suit was brought. Hence, their propositions and citations of authority are not given.

GAINES, ASSOCIATE JUSTICE.   This suit was brought by appellee·in the district court of Milam county to recover of appellant a penalty of five hundred dollars for an over charge of passenger fare, under the provisions contained in Articles 4256 and 4258 of the Revised Statutes.   At the Galveston term, 1885, this court, adopting the conclusions of the Commissioners of Appeals in the case of Jones v. Breedlove & Ewing, held that the district court did not have jurisdiction of a suit for the recovery of money of the exact amount of five hundred dollars.   We see no reason for departing from that ruling, and upon the authority of that case the judgment of the court below in the cause before us must be reversed, and the suit dismissed for the want of jurisdiction.

The opinion of the Commissioners not having been reported, it is considered a proper occasion upon which to set forth the grounds upon which the jurisdiction in these cases has been denied.

It is provided by section 8 of Article 5 of the Constitution that the district court shall have original jurisdiction of "all suits, complaints or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to five hundred dollars, exclusive of interest."   Section 16 of the same Article, in defining the jurisdiction of the county courts, contains this language:   "And they shall have exclusive original jurisdiction in all civil cases, when the matter in controversy shall exceed two hundred dollars and not exceed five hundred dollars, exclusive of interest; and concurrent jurisdiction with the district courts, when the matter in controversy shall exceed five hundred and not exceed one thousand dollars, exclusive of interest."

It is apparent from the language quoted that there is an irreconcilable conflict between the two provisions.   The district courts can not have jurisdiction where the amount involved is precisely five hundred dollars, and the county court exclusive jurisdiction of a suit for the same amount.   There is an evident mistake, and we must determine by construction which of the two provisions expresses the real intent of the framers of the Constitution.   There being but the one sum concerning which the doubt exists, it is essentially a matter of no moment upon which court the jurisdiction should have been conferred.

There is nothing, then, in the reason or policy of the law to aid us in solving the difficulty.   The conflict is evidently the result

of inadvertence, and we think the mistake is more likely to have been made in the former than in the latter section. Section eight, which defines the jurisdiction of the district court, is literally copied from the corresponding section of the constitution of 1866, in so far as this could be done in view of the difference between the powers conferred by the two instruments. The language of the provision in question is the same in both, except that the word *five* appears in this provision instead of the word *one* in the former.

It would seem, therefore, that in drawing section 6 of Article 5 of the present Constitution its framers having decided, in a general way, that the line between the exclusive jurisdiction of the county court and the jurisdiction of the district court should be drawn at five hundred dollars, copied from the former instrument the words "shall be valued at or amount to" without considering and determining which court should exercise jurisdiction over a matter involving that exact sum. On the other hand, it is to be presumed that in framing section 16, defining the powers of the county court, the language previously used in section 8 was not kept distinctly in view. But in drawing the latter section we know that the precise limits of the jurisdiction of the two courts must have been carefully considered and precisely determined, because that section not only accurately fixes the limits of the exclusive jurisdiction of the county court, but in perfect harmony therewith, with equal accuracy defines the boundaries of the concurrent jurisdiction of the two courts.

In framing section 16, the limits of the authority of the two tribunals having been considered together, in order to make clearly manifest the intent of their framers in the language to be used,—while, in drawing up the former provision, the definition of the jurisdiction of the district court was the main object in view,—the latter section must be deemed the more accurate expression of the convention's will, and must prevail.

Furthermore, it is a rule in construing repugnant provisions of the same Constitution or statute, that the more general must yield to the more specific. This rule was applied by this court in Erwin v. Blanks, 60 Texas, 583, in deciding a similar question to that before us. It was there held that in a proceeding for the trial of the right of property levied upon by attachment, etc., which was of the value of five hundred dollars, the district court had jurisdiction, upon the ground that the provision upon this subject contained in section 5 applied to this class of cases spe-

cially by name, and should control the more general provision applicable to county courts in section 16. But as to the matter now under consideration, the provision in the latter is more specific than that in the former section, and hence should be taken as the prevailing expression of the legislative intent.

It seems also to be a rule of interpretation long recognized that, in case of a repugnancy between two provisions of the statute which can not be reconciled, the latter in position should control, as being the last expression of the legislative will. (Attorney General v. Chelsea Water Works, Fitz-Gibons, 195; Bacon's Abridgement, word "Statute," D; Packer v. Railroad Company, 19 Pennsylvania State, 219; Spencer v. State, 5 Indiana, 47; Albertson v. State, 9 Nebraska, 430.) This rule was also applied in construing repugnant provisions in the Constitution of Indiana, in Furch v. The Township, 7 Indiana, 570. As applied to the fundamental law, which is presumed to be prepared with the utmost care and deliberation, this would seem but an arbitrary canon of construction. It should be appealed to, if at all, only as a last resort. We have not found it necessary to apply it in this case.

The judgment is reversed, and the cause dismissed.

*Reversed and dismissed.*

Opinion delivered April 19, 1887.