THE ST. LOUIS TYPE FOUNDRY v. I. W. AND N. C. TAYLOR.

No. 245.

**1. Constitutional Law — Jurisdiction of District and County Courts.**—Construing section 8 of article 5 with section 16 of article 5 of the State Constitution, which are in conflict, it is held that the District Court has no jurisdiction to try the right of property levied upon under a distress warrant, the value of the property as assessed by the officer being exactly $500. In such cases the County Court has jurisdiction, and the affidavit and bond for the trial of the right of property should be returned to that court. So held, not only under the rule of construction that where reconciliation is impossible between provisions, and there is a clear, evident repugnancy, the latter vacates the former, but for the stronger reason that section 16 is clearer and fuller than section 8, and draws the line of demarkation between the jurisdictions of the two courts, which is not attempted in section 8.

**2. Same — Trial of Right of Property.—** In suits for the trial of the right of property levied upon by any writ of execution, sequestration, or attachment, and the value of the property is equal to or exceeds $500, the District

·Court has jurisdiction, under special provision of section 8, article 5 of the Constitution, as decided in the case of Erwin v. Blank, 60 Texas, 583. The jurisdiction of the District Court in such cases being treated as an exception to the general rule, such exception or special provision can not be enlarged by construction so as to embrace other writs not there mentioned.

3. Same.—Under section 22 of article 5 of the Constitution the Legislature had the power to enact the statute (Sayles' Statutes, article 3841), providing in such cases that where the value assessed is more than $200 and does not exceed $500 the writ shall be returned to the proper County Court, and where the assessed value is more than $500 the writ shall be returned to the proper District Court, in so far as the same is not in conflict with the special provisions of section 8, article 5, of the Constitution, as decided in Erwin v. Blank, supra.

ERROR from Bowie. Tried below before Hon. JOHN L. SHEPPARD. -

*P. A. Turner* and *J. M. Talbott*, for plaintiff in error.—In cases for the trial of the right of property under our statute, where the value of the property is assessed by the officer at even $500, the District Court has jurisdiction. 60 Texas, 583; 77 Texas, 62; 69 Texas, 345; 1 W. & W. C. C., secs. 172, 173, 573.

*Henry & Henry*, for defendants in error.—The District Court has not jurisdiction of cases where the amount in controversy is exactly $500 in ordinary civil suits, nor in cases for the trial of the right to property levied on under distress warrant proceedings; because the County Court has exclusive original jurisdiction in cases for the trial of the right to property, under distress warrant proceedings, valued at $500. Const., art. 5, secs. 8, 16, 22; Rev. Stats., arts. 1161, 1162, 1164, 4831; Garrison v. Express Co., 69 Texas, 345; Railway v. Rambolt, 67 Texas, 654; Carroll v. Silk, 70 Texas, 23.

LIGHTFOOT, CHIEF JUSTICE.—I. W. and N. C. Taylor commenced suit against C. E. Beard on October 2, 1889, in the Justice Court of precinct number 1 of Bowie County, and caused a distress warrant to issue therein on the same day, returnable to the County Court of said county, which was levied by the sheriff of said county, on the day it was issued, on certain personal property as the property of C. E. Beard. The St. Louis Type Foundry claimed said property, and filed affidavit and claim bond to the same on October 4, 1889. The sheriff valued said property at $500. The affidavit and claim bond were returned to and filed in the District Court of said county on February 22, 1890, and said case was docketed in said court.

On October 16, 1890, I. W. and N. C. Taylor filed a motion to dismiss the case, because the District Court had no jurisdiction to try it. On April 1, 1891, the court heard the motion, and sustained it, and dismissed the case for want of jurisdiction.

Plaintiff in error brings the case here on writ of error, and its second assignment of error is as follows: "The court erred in dismissing said suit for want of jurisdiction, it being a case for the trial of the right of personal property under the statute, said property having been levied upon by the sheriff of Bowie County, Texas, by virtue of a distress warrant issued out of the Justice Court of precinct number 1 of Bowie County, Texas, and returnable to the County Court of said county, in favor of I. W. Taylor and N. C. Taylor against Charles E. Beard, and tested on the 2nd day of October, 1889, and said sheriff having assessed the value of said property at $500, and said plaintiff in error, the St. Louis Type Foundry, having presented to said sheriff its claim, affidavit, and bond in strict compliance with law."

In our State Constitution, section 8 of article 5, fixing the jurisdiction of the District Court, is in direct conflict with section 16 of article 5, fixing the jurisdiction of the County Court. Section 8 says, the District Court shall have jurisdiction "of all suits for trial of right to property levied on by virtue of any *writ of execution, sequestration,* or *attachment,*. when the property levied on shall be *equal to* or exceed in value $500;. and of all suits, complaints, or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy *shall: be valued at* or amount to $500, exclusive of interest."

Section 16 says, the County Courts "shall have exclusive original juris-· diction in all civil cases where the matter in controversy shall exceed in value $200 *and not exceed* $500, exclusive of interest, and concurrent. jurisdiction with District Courts where the matter in controversy shall exceed $500 and not exceed $1000, exclusive of interest," etc.

Our Supreme Court, in passing upon these sections and the conflict in; them, held in Erwin v. Blank, 60 Texas, 583, where there was a levy under *attachment* and trial of the right of property thereunder, the property being valued at exactly $500, that the District Court had jurisdiction. The decision is placed upon the express ground, that the two sections being general, and section 8, in addition to the general provision, providing an especial ground for the trial of the right of property in certain cases, that the general provisions must yield to the special. In treating. of section 16, the court says: "This provision is of a general character,. and *includes within its terms as well suits for the trial of the right of prop-- erty as any others of a civil nature;* standing alone, it would give exclu-· sive jurisdiction of suits like the present, where the value of the property levied on did not exceed $500, to the County Courts. In such a state of conflict, the rules of construction require that the general shall yield to the special provisions; i. e., that the one which in the present case regulates the special subject of trials of the right of property shall prevail over that which regulates a larger class in which such suits are embraced."

Warren v. Shuman, 5 Texas, 442; Sedg. on Const. and Stat. Law., 242; Vattel Rules of Con., No. 8.

That case does not reach the question involved in this. That was a levy under attachment. This grows out of a levy under distress warrant. The special provision in section 8 of article 5, which was referred to in that case, was for "suits for trial of the right to property levied on *by virtue of any writ of execution, sequestration,* or *attachment,*" and being treated as an exception to the general rule, such exception or special provision can not be enlarged by construction so as to embrace other writs not therein mentioned. On the contrary, it would be more in harmony with reason and authority to confine the special provisions to the terms of the Constitution, and allow all other writs not mentioned to come within the general provision of section 16, article 5, which the court says, in its opinion above, "includes within its terms as well suits for the trial of the right to property as any others of a civil nature."

The nineteenth rule laid down by Mr. Vattel is as follows: "The interpretation ought to be made in such a manner that all the parts appear consonant to each other; that what follows with what went before, unless it manifestly appears that by the last clauses something is changed that went before."

Puffendorf's rule says: "Where we meet with a seeming repugnancy in the terms, conjectures are necessary to work out the genuine sense, by reconciling, if possible, those terms that seem to be repugnant. But if there is a clear, evident repugnancy, the law vacates the former." Potter's Dwar. on Stat. and Const., 130–132.

The repugnancy between sections 8 and 16 is certainly "clear and evident," and the former must yield to the latter. This is not only because of the settled rules of construction, but for the stronger reason, that section 16 is fuller and clearer, and draws the line of demarkation between the jurisdictions of the two courts, which is not attempted in section 8.

It has been repeatedly held by our Supreme Court, that the general provision contained in section 8 must yield to the more specific provision of section 16, and that the County Court has exclusive jurisdiction of suits where the amount in controversy is exactly $500. Railway v. Rambolt, 67 Texas, 654; Garrison v. Express Co., 69 Texas, 345; Carroll v. Silk, 70 Texas, 23.

There is another section of article 5 of the Constitution which we think has strong bearing upon this question, in connection with the statute. Section 22 is as follows: "The Legislature shall have power by local or general law to *increase, diminish, or change* the civil and criminal jurisdiction of County Courts; and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change." Under this, the Legislature has provided as follows (Sayles' Statutes) for trials for right of property:

"Article 4831. Cases arising under this chapter shall be tried as follows:

" 1. Where the assessed value does not exceed $200, the writ shall be returned to a justice of the peace, as before provided.

" 2. Where the value assessed is more than $200, and does *not exceed* $500, the writ shall be returned to the proper County Court.

" 3. When the assessed value is *more than* $500, the writ shall be returned to the proper District Court."

This legislation was within the power conferred by the Constitution in so far as the same is not in conflict with the special provision of section 8, article 5, of the Constitution, as decided in Erwin v. Blanks, above.

The judgment of the court below in holding that the District Court had no jurisdiction to try the right of property levied on under the distress warrant, the value of the property being exactly $500, was correct. The writ should have been returned by the sheriff to the County Court.

The judgment is affirmed.

*Affirmed.*

Delivered March 14, 1894.