JOYCE v. HAGELSTEIN et al.

(Court of Civil Appeals of Texas. San Antonio. Jan. 14, 1914. Rehearing Denied Feb. 18, 1914.)

1. COURTS (§ 121*) — JURISDICTION — AMOUNT OF CLAIM—CROSS-ACTION.

Though the amount of plaintiff's claim, $500, is insufficient to give the district court jurisdiction of the action, defendant's cross-action for a greater amount gave it jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–426, 428, 450, 452, 458, 459, 466; Dec. Dig. § 121.*]

2. VENDOR AND PURCHASER (§ 336*)—DEFECTS IN TITLE—WAIVER.

Plaintiff waived right to recover, because of any defect in the title of the land, the earnest money paid by him on a contract for purchase of land; he, with knowledge of the state of the title, claiming his option, and endeavoring to sell it, and not objecting to the title when refusing to consummate the contract.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 984; Dec. Dig. § 336.*]

3. VENDOR AND PURCHASER (§ 336*)—ASSIGNMENT OF CONTRACT BY VENDOR—WAIVER OF OBJECTIONS.

Any right of one having a contract for purchase of land to recover the earnest money paid by him thereon, because of the vendor's selling the contract to others, was waived; he knowing of and acquiescing in it.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 984; Dec. Dig. § 336.*]

4. TRUSTS (§ 191*) — TRUSTEES WITH POWER OF SALE—CONVEYANCES.

A will devising half the property to testator's children and half to his wife, making her an independent executrix, and providing that all transfers made by her to the children or any other person by way of bargain and sale shall be good and effectual, without the orders or intervention of any court or authority, constitutes her a trustee with power of sale of any or all the property, so that a conveyance thereof by her alone gives good title.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 243; Dec. Dig. § 191.*]

5. VENDOR AND PURCHASER (§ 335*)—BREACH BY PURCHASER—MEASURE OF DAMAGES.

The earnest money which, by a contract of sale of land, the purchaser agrees to forfeit if he does not comply with the contract is the

measure of damages for his failure to comply with it.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 981–983; Dec. Dig. § 335.*]

Error from District Court, Bexar County; J. L. Camp, Judge.

Action by A. D. Joyce against George Hagelstein and others. There was a judgment that neither party recover anything, and plaintiff brings error, and defendants make cross-assignments of error. Affirmed.

Frank H. Booth, of San Antonio, for plaintiff in error. Teagarden & Teagarden, of San Antonio, Penix & Eberhart, of Mineral Wells, and Templeton, Brooks, Napier & Ogden, of San Antonio, for defendants in error.

FLY, C. J. Plaintiff in error, hereinafter designated as plaintiff, sued George Hagelstein, Cicero Smith, Mollie Wylie, and Mamie B. Hagelstein, individually, and as independent executrix of the estate of Chris Hagelstein, deceased, the defendants in error, herein designated defendants, to recover $500 and interest, deposited with them as earnest money on certain land contracted for by plaintiff and one McDonnell, who sold his interest to plaintiff. It was alleged that a contract was executed wherein it was stipulated that defendants would deliver to plaintiff "a good, sufficient, and clear title to said property," but failed to make such title, and refused to return the $500 deposited as earnest money. It was further alleged that, after the contract was made with George Hagelstein, Chris Hagelstein, and Cicero Smith, they transferred an interest in it to Mollie Wylie and R. K. Wylie, and that they obligated themselves to pay the $500 to plaintiff. Mollie Wylie alleged that R. K. Wylie, her husband, had died, and she had since married Anson Hazlewood, and they, together with Cicero Smith, filed a cross-action against plaintiff for the sum of $8,000 for a breach of the contract, and against the Hagelsteins for $1,325. The cause was tried without a jury, and judgment rendered that nothing be recovered by appellant in his suit, or by the defendants in their cross-action.

[1] The district court did not have jurisdiction of the suit brought by plaintiff. Erwin v. Blanks, 60 Tex. 583; Betterton v. Echols, 85 Tex. 212, 20 S. W. 63; Type Foundry v. Taylor, 6 Tex. Civ. App. 732, 26 S. W. 226; Lazarus v. Swafford, 15 Tex. Civ. App. 367, 39 S. W. 389; Martin v. Jeffries, 153 S. W. 658. But, when defendants sought by their cross-action to recover the sums therein set forth, they conferred jurisdiction upon the court, and the matter is only mentioned because the question is presented in the briefs of defendants. Hardeman v. Morgan, 48 Tex. 103; Phelps v. Parker, 30 S. W. 365.

[2] We adopt the findings of the trial judge as our conclusions of fact. Plaintiff agreed to forfeit the $500 earnest money if he did not comply with his contract, and he willfully breached it. No objection was ever made to the title until after this suit was instituted, and plaintiff, after being fully acquainted with the title to the land, ratified the contract, and found no defects in the title. The evidence clearly indicates that the question of title did not enter into his refusal to consummate the contract, but that it was a matter brought forth after the suit was instituted to justify his breach of the contract. The contract was made in 1907, and as late as March 24, 1909, plaintiff claimed an option on the land, although months before that he had placed his claim in the hands of attorneys for collection. It is significant that he claimed his option when he thought he had a purchaser for the land out of whom he expected to realize a large profit. The title was not troubling him at that time. A deed to the land and full abstract of title were sent to a bank in Kansas City, where plaintiff and McDonnell lived, and they were notified by the bank that the papers were there, but refused to call for them. The contract was deliberately breached without any just cause therefor. Plaintiff must have known in 1909 that the alleged defect was in the title, because that is the only ground upon which he could base his right to recover the earnest money, and he had in 1908 placed claim to the earnest money in the hands of an attorney. Knowing the state of the title, he not only claimed his option on the land, but endeavored to sell it to one of his Nebraska friends.

[3] The sale of the contract by the Hagelsteins to Smith and others was made known to and acquiesced in by plaintiff, and he is not in a position to object to such transfer at this time. Plaintiff did not base his right of action on the transfer of the contract, but on the defect in the title alone. He recognized the validity of the transfer, and sought to recover from the transferees. He has waived the right to complain of the transfer.

[4] One of the clauses of the will of Samuel A. Maverick, which forms a link in the chain of the title to the land on which plaintiff held the option, devised his estate to his wife, Mary, and his children, one half to the wife, and the other to the children "in fee simple." In a succeeding clause the wife was made independent executrix, and it was provided that "all transfers made by my said wife to the children or to any other person by way of bargain and sale, shall be good and effectual, without the orders of intervention of any court or authority." One-half of the property was devised to the children; but the wife was constituted a trustee with power of sale of any or all of the property,

and there is no repugnancy in the two clauses of the will. Dulin v. Moore, 96 Tex. 135, 70 S. W. 742; Wiess v. Goodhue, 98 Tex. 274, 83 S. W. 178. We are of opinion, therefore, that Mary Maverick was authorized to convey the property, and that there was no defect in the title of the land sold to plaintiff. Defendants offered plaintiff a "good, sufficient, and clear title" to the property.

[5] There is no merit in the cross-assignments of error. The earnest money was evidently the measure of damages for a breach of the contract contemplated by the parties.

The judgment is affirmed.