## EWALT v. HOLMES.

(Court of Civil Appeals of Texas. Amarillo.
March 21, 1914.)

Justices of the Peace (§ 44*)—Jurisdiction —Amount in Controversy.

The parties agreed that plaintiff should represent defendant in a lawsuit for a certain sum, part of which was paid when the agreement was made, at which time plaintiff gave a written receipt therefor, which contained a memorandum of the contract as to the remainder to be paid and the condition of its payment, which receipt was accepted by defendant. Rev. St. 1911, art. 4977, provides that, on all written contracts ascertaining the sum payable when no rate of interest is agreed upon, 6 per cent. interest shall be allowed after the time when the same is payable. *Held,* that the contract was one on which interest was recoverable under the contract, and hence interest did not enter into consideration as a part of the amount in controversy affecting the jurisdiction of the justice's court in an action on the contract.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. § 44.*]

Appeal from Hale County Court; W. B. Lewis, Judge.

Action by Y. W. Holmes against M. J. Ewalt. From a judgment for plaintiff, defendant appeals. Affirmed.

Mathes & Williams, of Plainview, for appellant. Randolph & Randolph and L. C. Penry, all of Plainview, for appellee.

HALL, J. This suit was filed by appellee in the justice court of Hale county to recover a balance due him of $200 as attorney's fees for representing appellant in a certain case in the district court of Hale county.

Appellee alleges that on the date of his employment it was agreed that appellee should represent appellant in the district court case for a certain sum, part of which was paid at that time, when appellee gave appellant a written receipt for the amount, which receipt contained a statement or a memorandum of the contract between them as to the remainder to be paid and the condition of its payment, which receipt was received and accepted by appellant.

This is such a written contract as, under R. S. 1911, art. 4977, ascertains the sum payable, and it is provided by said article that, when no specified rate of interest is agreed upon by the parties to the contract, interest shall be allowed at the rate of 6 per cent. per annum from and after the time when

the same is due and payable. Such being the case, interest is recoverable eo nomine, and does not enter into consideration as a part of the amount in controversy affecting the jurisdiction of the court. The only assignment of error urged is that the justice court had no jurisdiction of the cause of action. This assignment must be overruled. Carter Grocer Co. v. Day et al., 144 S. W. 365; Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1031; Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163; Constitution of Texas, art. 5, § 19.

The judgment is affirmed.