### ESCUE v. HARTLEY. (No. 7852.)

(Court of Civil Appeals of Texas. Dallas. March 30, 1918.)

COURTS ⬅121(5)—JURISDICTION—AMOUNT IN CONTROVERSY—DISTRICT COURT.

As under Vernon's Sayles' Ann. Civ. St. 1914, art. 4977, providing that on all written contracts ascertaining the sum payable when no specified rate of interest is agreed upon, interest shall be allowed at the rate of 6 per cent. per annum from and after the time when the sum is due and payable, interest, although prayed for, was not recoverable in a suit for damages under contract providing that in event of refusal of either party to comply he would pay to the other $500 as liquidated damages, the district court had no jurisdiction, the amount in controversy being exactly $500.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit between R. L. Escue and J. T. Hartley. From judgment rendered, the former appeals. Reversed and remanded, with instructions to dismiss.

Clarke & Clarke, of Hillsboro, for appellant. Shurtleff & Cummings, of Waco, for appellee.

TALBOT, J. At a former day of the present term] of this court we reversed and remanded this case for a new trial. The appellee has filed a motion for a rehearing and for the first time contends that the district court did not have jurisdiction to hear and determine the cause, for the reason that the amount in controversy is exactly $500. This contention is supported by the record and must be sustained. The opinion heretofore handed down will be withdrawn, and this opinion filed instead thereof.

It is well settled by the decisions of this state that the district court has not jurisdiction of suits in which the amount in controversy is exactly $500, exclusive of interest, except in cases where property has been seized by execution, attachment, or sequestration and a claimant's oath and bond for the trial of the right of property have been filed and the property valued at exactly $500. The following are some of the cases construing the provisions of our Constitution relative to the jurisdiction of the district and county courts, and in which it has been held that where the amount involved is exactly $500 the district court has not jurisdiction: Railway Co. v. Rambolt, 67 Tex. 654, 4 S. W. 356; Garrison v. Pacific Express Co., 69 Tex. 345, 6 S. W. 842; Carroll v. Silk, 70 Tex. 23, 11 S. W. 116; Lazarus v. Swafford, 15 Tex. Civ. App. 367, 39 S. W. 389. The exception stated is established by the following cases: Erwin v. Blanks, 60 Tex. 583; Carney v. Marsalis & Co., 77 Tex. 62, 13 S. W. 636; Betterton & Co. v. Echols, 85 Tex. 212, 20 S. W. 63. In the former of the cases cited, the conflict in the provisions of our Constitution fixing the jurisdiction of the district and county courts is pointed out, and the reason for the general rule stated is given; and in the latter the reason for the exception is stated. It would serve no useful purpose to restate those reasons here, and we shall not do so. We shall take occasion, however, to state that in St. Louis Type & Foundry Co. v. Taylor, 6 Tex. Civ. App. 732, 26 S. W. 226, it was held that the county court and not the district court has jurisdiction to try the right of property in cases where the property involved was levied on by virtue of a distress warrant and valued at exactly $500. That case may also be consulted for the reason therein given for the decision made, and it need not be repeated in this opinion. The ruling made in the case is stated simply to show the further construction placed upon the provisions of our Constitution relating to the jurisdiction of the district and county courts of this state.

Are we correct in the statement made above that the record supports appellee's contention that the amount in controversy in the present suit is exactly $500? We think so. As shown by the original opinion, the appellant sued appellee to recover $500 as liquidated damages for an alleged breach of a contract in writing whereby appellee agreed to convey to appellant upon the terms in said contract specified, a certain tract of land situated in Hill county, Tex.; that the contract recited that as an evidence of good faith for the faithful performance of the contract each party executed and delivered to Sidney Webster, subject to the final consummation of the sale, his check for $500, payable to the order of the other as liquidated damages in the event of a refusal on the part of either to comply with the contract.

The appellant alleged in his petition, in substance, that as a guaranty and security for the performance of the contract on the part of plaintiff and defendant each agreed to pay to the other respectively the sum of $500 as liquidated damages and to evidence the same by the execution by each of his check for $500, payable to the order of the other. It was further so alleged that appellant had been able, ready and willing to perform everything required of him by the terms

of the contract, and had offered to perform them; that appellee had refused to perform the things required of him by the contract, and had refused to pay the $500 agreed to be paid by him as liquidated damages in the event of a breach of the contract on his part, although he had been often requested to do so. The prayer is that appellant have judgment for his debt of $500, with interest thereon at the rate of 6 per cent. per annum from the date of the alleged breach of the contract, and is the usual prayer in actions for debt. The decision of the question turns on whether the interest prayed for is recoverable, under the allegations of appellant's petition, as an element of the damages necessary to the complete indemnity of appellant for the detention of the sum of money claimed to be due him, or as interest eo nomine, under the statute fixing the legal rate for the detention of money. Article 4977 of Vernon's Sayles' Texas Civil Statutes provides:

"On all written contracts ascertaining the sum payable, when no specified rate of interest is agreed upon by the parties to the contract, interest shall be allowed at the rate of six per cent. per annum from and after the time when the sum is due and payable."

In such a case the interest which may be recovered for a breach of the contract is a creature of the statute and allowed eo nomine and not as compensation for the detention of that which is due on account of injury inflicted, as "an element of damages necessary to the complete indemnity of the injured party." The claim sued upon in this case grows out of and is based on a "written contract ascertaining the sum payable" in case of its breach. That sum, according to the stipulations of the contract and the allegations of appellant's petition, is $500. The suit is not to recover general damages for the alleged breach of the contract, but to recover exactly $500 which it is alleged appellee agreed by the terms of the contract to pay as liquidated damages for such breach. That is the estimate made and agreed to by appellant and appellee in advance of the damages which either would suffer in case of a breach of the contract by the other, and that estimate, $500, was written in the contract as the measure of either's damages and the limit of recovery in the event of such breach. The suit is therefore clearly one upon a written contract which expressly names the amount recoverable for a failure or refusal of either party thereto to perform it, and that amount being exactly $500, exclusive of interest, the district court was not clothed with jurisdiction to hear and determine it. The cases cited by appellant in reply to appellee's motion for a rehearing were essentially different in their facts. The case most like it is Robinson v. Lingner, 183 S. W. 850. That case, however, is radically different in that the

suit was upon a "verbal contract" and not a written contract.

For the reason that the district court had no jurisdiction to try this case, the appellee's motion for a rehearing is granted, the judgment of this court heretofore rendered reversing and remanding the case for a new trial is set aside, and the judgment of the district court reversed and the cause remanded, with instructions to that court to dismiss the same.