NUECES HOTEL CO. v. RING.   (No. 6303.)

(Court of Civil Appeals of Texas.   San Antonio.   Dec. 17, 1919.   Rehearing Denied Jan. 7, 1920.)

1. COURTS ⬯121(5) — "INTEREST" ON AMOUNT DUE ON STOCK SUBSCRIPTION NOT DAMAGES IN DETERMINING AMOUNT IN CONTROVERSY.

Action for $500 due on stock subscription contract and for six per cent. interest thereon due under Rev. St. 1911, art. 4977, no specified rate having been agreed on, held not within jurisdiction of district court, being within exclusive jurisdiction of county court under Const. art. 5, § 16, giving a county court exclusive original jurisdiction in civil cases when amount in controversy exceeds $200 and does not exceed $500 "exclusive of interest"; the 6 per cent. interest sued for being "interest" within such constitutional provision and not damages.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest.]

2. JUDGMENT ⬯570(9) — DISMISSAL FOR LACK OF JURISDICTION DOES NOT MILITATE AGAINST ACTION IN PROPER COURT.

Judgment of district court dismissing action on ground that such action was within the exclusive original jurisdiction of county court does not militate against a suit in the county court.

Error from District Court, Nueces County; W. B. Hopkins, Judge.

Action by the Nueces Hotel Company against F. E. Ring. Judgment of dismissal, and plaintiff brings error. Affirmed.

B. D. Tarlton, Jr., of Beeville, and G. R. Scott and Boone & Pope, all of Corpus Christi, for plaintiff in error.

J. D. Todd and E. B. Ward, both of Corpus Christi, for defendant in error.

FLY, C. J. Plaintiff in error sued to recover against defendant in error on the following written instrument:

"Corpus Christi, Tex., 12–3—1910.

"I, F. E. Ring, hereby subscribe the sum of five hundred dollars to the capital stock of the corporation to be organized for the purpose of purchasing the site and building a commercial hotel on the Beach Portion of the city of Corpus Christi, Nueces county, Texas.

"As soon as $150,000.00 of the capital stock for said purpose has been subscribed (provided same is done on or before April 1, 1911), I hereby agree, bind and obligate myself to pay in cash, when called upon by the treasurer of said company, fifty per cent. of the amount herein subscribed by me.

"The balance of said amount subscribed I will pay to the treasurer in two equal installments, in 60 or 120 days, respectively, after the date of said first payment.

"[Name] F. E. Ring.

"Address, Calallen."

The court dismissed the suit on an exception of defendant in error that the district court did not have jurisdiction, the amount sued for not being in excess of $500.

[1] The Constitution, art. 5, § 16, gives the county court exclusive original jurisdiction in civil cases when the matter in controversy shall exceed $200, and not exceed $500, exclusive of interest. The amount in controversy in this case is $500, when the interest at 6 per cent., prayed for in the amended petition, is excluded, and it follows that the district court had no jurisdiction, unless the 6 per cent. sued for is damages to be added to the $500, and not interest to be excluded. It is provided in article 4977, Revised Statutes, that—

"On all written contracts ascertaining the sum payable, when no specified rate of interest is agreed upon by the parties to the contract, interest shall be allowed at the rate of six per cent. per annum from and after the time when the sum is due and payable."

This suit is on a written contract which ascertains clearly and without doubt the sum payable at $500, no rate of interest being agreed upon. The law allows 6 per cent. interest, as interest, not as damages. The district court did not have jurisdiction of the suit.

[2] Plaintiff in error cites several cases in an endeavor to show that the interest sought to be recovered by it was damages and not interest. They fail to sustain the contention, for to have so held would be in the teeth of Constitution and statute. In the case of McNeill v. Casey, 135 S. W. 1130, it was held that the amount payable was not ascertainable from the terms of the contract, and consequently the interest was in the nature of damages. The interest was not an incident

to the debt, but was allowed as mulct or punishment. There is a very meager report in the case of United Brothers of Friendship v. Kennedy, 193 S. W. 253, and some unguarded expressions; but it appears from a quotation upon which the opinion rests that the case was made to turn on the fact that the $500 was accepted in full payment and then afterwards it was sought to recover interest. It was held that acceptance of the principal on a contract not specifying interest was a bar to the recovery of interest. That was all that probably should have been held, or that was intended to be held. Of course, the court did not intend to ignore the Constitution and statute. The case of Escue v. Hartley, 202 S. W. 159, is very similar to this case and fully sustains the judgment of the district court. So do the cases of Railway v. Rambolt, 67 Tex. 654, 4 S. W. 356, and Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163. The statute itself is conclusive of the matter. Of course, the judgment of the district court does not militate against a suit in the county court.

The judgment is affirmed.