## SOVEREIGN CAMP, W. O. W., v. TRUEHARDT. (No. 6541.)

(Court of Civil Appeals of Texas. Austin. June 14, 1922. Rehearing Denied Feb. 21, 1923.)

1. Interest ⬥39(3)—Interest on judgment at 6 per cent. construed as from date of judgment.

Where judgment in a justice court was for plaintiff for $100, with interest at 6 per cent. per annum, no other date being given, interest is from date of judgment.

2. Appeal and error ⬥58—Interest on judgment not construed as damages in determining amount in controversy.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4977, providing that, on written contracts ascertaining the sum payable, when no rate of interest is agreed on, interest is allowed at 6 per cent. from the time when the same is due and payable, where, in an action against an insurance company on an alternative clause in a contract obliging defendant either to erect a monument for deceased costing not more than $100, or pay that sum toward one erected, it was shown that the plaintiff widow had erected a monument costing more than $100, and judgment was for $100 and interest, an appeal to the Court of Civil Appeals will not lie under article 1589, subd. 3, providing that to consider the case upon its merits the judgment must exceed $100, exclusive of interest and costs, on theory that the interest was claimed as damages.

Appeal from Williamson County Court; A. S. Fisher, Special Judge.

Action by Mrs. Louise Truehardt against the Sovereign Camp, Woodmen of the World. From a judgment of the county court, affirming a judgment for plaintiff for $100, defendant appeals. Appeal dismissed.

Albert S. Evans and Wilcox & Graves, all of Georgetown, for motion to dismiss appeal.

White, Wilcox & Graves and Q. C. Taylor, all of Austin, opposed.

CHESLEY, Special Justice. Appellant is a fraternal benefit society, and appellee is the beneficiary named in one of its contracts.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellee sued in the justice's court of precinct No. 1, Williamson county, Tex., for the recovery of $100, alleging that appellant was obligated to pay that amount for the purpose of placing a monument at the grave of her deceased husband, Arnold C. Truehardt, for which purpose and on whose life appellant had theretofore issued a policy or beneficiary certificate.

[1] Judgment in the justice's court was for appellee in the amount of $100, with interest at the rate of 6 per cent. per annum, and which must be construed to be from date of judgment, no other date being given. Upon appellant's appeal to the county court judgment was again in favor of appellee for the same amount, with interest from and after date of rendition at the rate of 6 per cent. per annum. The case is here upon the appeal of appellant society.

[2] The suit involves a point in procedure, and which appellee has invoked in a motion to dismiss the appeal for want of jurisdiction, the ground alleged being that the amount in controversy does not exceed $100, exclusive of interest and costs.

The material part of appellee's petition in the courts below, so far as need be noticed in disposing of the motion to dismiss the appeal alleges:

"That plaintiff was on the 15th day of November, 1906, the legal wife of Arnold Truehardt; that the defendant, on or about said date, in consideration of the payment by the said Arnold Truehardt to the defendant of the premiums then charged by the defendant, * * * executed and delivered to the said Arnold Truehardt its policy of life insurance in writing, being policy No. 151172, dated November 15, 1906, whereby it insured the life of said Arnold Truehardt in the sum of $2,000 for the benefit of plaintiff. * * * Plaintiff further says that the said contract of insurance referred to provides there shall also be paid the sum of $100 for placing a monument upon his grave, and that said defendant has not complied with that portion of its contract."

The prayer in plaintiff's petition is:

"That plaintiff have judgment against the defendant for the sum of $100 upon said policy of insurance, together with 6 per cent. interest thereon, and in the alternative for the specific performance of said contract, and that the court decree that the defendant be caused to perform its contract to erect at the grave of the said Arnold Truehardt, deceased, a suitable monument, same to cost the sum of $100."

The essential part of the contract sued on, so far as pertinent to the question now before the court, reads:

"There shall also be paid the sum of $100 for the erection of a monument to his memory."

In the county court appellee testified to having erected a monument costing $175, and which we presume was done pending the appeal to that court and trial therein.

To enable this court to consider the case upon its merits, the judgment or amount in controversy must exceed $100, exclusive of interest and costs. Vernon's Sayles' Texas Civil Statutes, art. 1589, subd. 3.

Appellant with much vigor and force resists the motion to dismiss the appeal, and has collated quite a number of decisions, including the Supreme Court cases of Baker v. Smelser, 88 Tex. 28, 29 S. W. 377, 33 L. R. A. 163, and Schulz v. Frank Tessman & Bro., 92 Tex. 488, 49 S. W. 1031. The argument is made by appellant, and with accuracy, so far as it goes, that the test in cases of this kind is whether interest is allowed eo nomine or as damages, and finds support for the proposition in the cases cited. It insists that the excess in the case at bar is damages, and not interest eo nomine, and that therefore this court has jurisdiction.

But is the excess in the case at bar damages? Suppose default had been made in payment of the $2,000 specified in the policy, and that appellee in suing therefor had prayed judgment thereon with interest from the time it should have been paid. Would it be contended that interest thus sought should be treated as damages? We hardly think so. We do not perceive any difference between the two amounts in this respect, nor do we believe there is any difference. Both amounts are fully expressed in a written contract ascertaining the respective sums payable.

In passing upon the motion to dismiss the appeal we think we shall have to be governed by article 4977, Vernon's Sayles' Texas Civil Statutes, providing:

"On all written contracts ascertaining the sum payable, when no specific rate of interest is agreed upon by the parties to the contract, interest shall be allowed at the rate of 6 per cent. per annum from and after the time when the sum is due and payable."

It seems to us that the statute quoted concludes the controversy. The policy, which was introduced in evidence with certain by-laws, rules, and regulations, discloses an alternative contract, obligating appellant either to erect a monument to the memory of deceased costing not more than $100, or to pay that amount toward or upon one that might otherwise be erected. Appellant having neither erected the monument nor paid the $100, and appellee having erected one at her own expense costing nearly twice that amount, the obligation sued on became a liquidated demand growing out of the anticipatory agreement between appellant and the deceased.

We have carefully reviewed the authorities to which we have been referred by appellant, and in none do we find the cause of action to have been based upon a written contract ascertaining the sum payable. In each resort to oral proof was necessary to establish complete liability. The instant case is unlike

any of them, but is more like the cases of Escue v. Hartley (Tex. Civ. App.) 202 S. W. 159, and Nueces Hotel Co. v. Ring (Tex. Civ. App.) 217 S. W. 255, and in both of which the statute last cited was deemed applicable.

Because this court is without jurisdiction, the appeal will be, and is hereby, dismissed.

JENKINS and BRADY, JJ., being recused, Special Associate Justices H. E. CHESLEY, of Hamilton, and R. E. McKIE, of San Marcos, sat in their stead.