## SEWELL et al. v. STATLER. (No. 8180.)

Court of Civil Appeals of Texas. San Antonio. March 13, 1929.

Van Haile McFarland, of Eagle Pass, for appellants.

E. L. O'Meara, of Carrizzo Springs, for appellee.

COBBS, J. Appellee sued appellants to recover on a check for $200, and for a protest fee of $1.81, and for special damages in the sum of $12, as measured by the legal rate of interest. Before judgment, the protest fee of $1.81 was dismissed. Among the defenses presented and invoked was the one that the sum sued for herein was not within the jurisdiction of the county court, which plea was overruled. After hearing the case on its merits, judgment was rendered by the court against the defendant for $212.

The allegation in regard to the special damages in respect to interest is:

"Plaintiff contends that by the willful and negligent act and conduct of the defendant that he has been deprived of the use and benefit of the $200 for a period of one year to his damage in the sum $12; and prays that he be allowed to recover of the defendants in special damages in the sum of $12, which damages are measurable by the legal rate of interest in this state."

We think this case is quite well covered by the case of Nueces Hotel Co. v. Ring (Tex. Civ. App.) 217 S. W. 255; see article 2385, R. S.

As said by Judge Fly, in Nueces Hotel Co. v. Ring, supra: "The law allows 6 per cent. interest, as interest, not as damages." Interest follows the judgment. The county court should have dismissed the case, for it was without jurisdiction to try the case at all.

It is our judgment that the trial court erred, and that it was the duty of the trial court to dismiss this cause. The cause is therefore dismissed from the trial court as well as this court.

Dismissed.