## WONDERFUL WORKERS OF THE WORLD BENEV. ASS'N v. BOOKMAN et al.

### No. 935.

Court of Civil Appeals of Texas. Waco.
June 19, 1930.

F. M. Fitzpatrick, of Waco, for appellant.

L. W. Shepperd, of Groesbeck, for appellees

BARCUS, J.

Appellees instituted this suit in the district court to recover on a certificate of insurance issued on the life of Mary Lewis and payable to appellees in a sum "not to exceed $500.00." Appellees also asked for lawful interest on said $500. The cause was tried to a jury and resulted in judgment being rendered for appellees for $485, with 6 per cent. interest from date of judgment. By its first proposition appellant contends the trial court had no jurisdiction, and that therefore this court has no jurisdiction to hear and determine this cause, because the amount in controversy, exclusive of interest, does not exceed $500. We sustain this proposition. Under the Constitution and laws of this state the district court does not have original jurisdiction to hear and determine a cause of action where the amount involved is exactly $500, or less, exclusive of interest. Article 1906, Revised Statutes; Gulf, C. & S. F. Ry. Co. v. Rambolt, 67 Tex. 654, 4 S. W. 356; Escue v. Hartley (Tex. Civ. App.) 202 S. W. 159, and authorities cited. Our courts have uniformly held that, where a suit is brought on a written contract, the interest provided for by article 5070 of the Revised Statutes is excluded in fixing or determining the jurisdiction of the respective courts. Federal Life Ins. Co. v. Kriton, 112 Tex. 532, 249 S. W. 193; Sovereign Camp, W. O. W. v. Truehardt (Tex. Civ. App.) 248 S. W. 757; Collins v. Martin (Tex. Civ. App.) 6 S.W.(2d) 126; Bunker Printing Prod. Corp. v. McCall (Tex. Civ. App.) 8 S.W.(2d) 719; Carter Gro. Co. v. Day (Tex. Civ. App.) 144 S. W. 365; Ewalt v. Holmes (Tex. Civ. App.) 165 S. W. 39; Dillion v. Dillion (Tex. Civ. App.) 274 S. W. 217; Austin v. Guaranty State Bank (Tex. Civ. App.) 282 S. W. 262; McDaniel v. National Steam Laundry Co., 112 Tex. 54, 244 S. W. 135. In the case of Federal Life Ins. Co. v. Kriton, the Supreme Court, in answer to a certified question, speaking through the Commission of Appeals, held that, in a suit based on a disability insurance policy which provided for the payment of $25 per week as sick benefit, and $25 for operation, the interest asked for could not be considered in determining the jurisdiction of the appellate court, since the amount sued for was fixed by a contract in writing. Since appellees' cause of action in this cause is founded entirely upon a written contract of insurance which limits the recovery to not exceed $500, any interest due thereon would be by virtue of article 5070 of the Revised Statutes, and same cannot be added to the principal in order to confer jurisdiction on the district court. The district court having had no jurisdiction to hear and determine this suit, this court has none.

The judgment of the trial court is therefore reversed and remanded, with instructions to the trial court to dismiss the same.