BIZZELL et ux. v. CLARK et al.

No. 2735.

Court of Civil Appeals of Texas. Waco.

July 2, 1947.

John S. Fannin, of Dallas, for appellants.

Max R. Rosenfield, Harvey C. Ford and Stanley M. Kaufman, all of Dallas, for appellees.

LESTER, Chief Justice.

The Washington National Insurance Company issued its policy of insurance to Georgia Smith Sanders, agreeing to pay to her sister, Willie Mae Bizzell, as beneficiary, the sum of $120.00 in event of the death of the insured. The insured died on November 2, 1942, and for the purpose of defraying part of the funeral expenses of the insured, Willie Mae Bizzell assigned the policy to C. J. Clark, doing business as Black & Clark Funeral Home.

For convenience, the Washington National Insurance Company will be referred to as the "Insurance Company"; Willie Mae Bizzell and her husband as "Plaintiffs"; and Black & Clark as "Clark."

Shortly after the death of the insured the insurance company issued its voucher, payable jointly to Willie Mae Bizzell and Black & Clark Funeral Home, but Willie Mae Bizzell refused to endorse the voucher and retains possession of it at this time.

On December 23, 1942, Willie Mae Bizzell instituted in the County Court at Law of Dallas County a suit against Clark for the cancellation of the assignment of said policy, alleging that said assignment was secured through fraud on the part of the said Clark; the number of said suit being 81422B.

On June 12, 1945, the Insurance Company filed a suit as interpleader in the Justice Court, Precinct No. 7, Dallas County, Texas, paying into the registry of said court the sum of $120.00, and at the same time making the Bizzells and Clark parties to said suit. The Insurance Company alleged that the parties were making adverse claims to the fund and requested the court to determine who was entitled to receive it.

A trial was had in the Justice Court, in which the Insurance Company was discharged with its costs and attorney's fees and Clark was adjudged to be entitled to the balance of said fund. The Bizzells appealed the case to the County Court and same was entered on the court's trial docket of date November 3, 1945, under No. 83828. On February 7, 1946, the Bizzels filed in said Cause No. 83828, the cause that had been appealed from the Justice Court, their exceptions and motion to strike the bill of interpleader, and also filed their answer and cross-action in same. The court overruled the motion to strike and ordered that the proceedings in said cause be abated until the final disposition of Cause No. 81422B, styled Bizzell vs. Clark.

On October 29th, 1945 plaintiffs filed in Cause No. 81422B their third amended original petition, in which, for the first time, they made the Insurance Company a party and requested that service be had upon it, and alleged that they were entitled to recover of the Insurance Company the amount of said policy, $120.00, plus $60.00 as attorney's fees, twelve per cent penalty and six per cent interest. Against Clark they alleged that on account of the fraud and deceit practiced by him in obtaining said assignment, that they had been damaged in the sum of $250.00 as actual and $500.00 as punitive damages.

On January 8th, 1947 the court sustained exceptions to that part of the amended petition in which the plaintiffs sought to recover $250.00 actual and $500.00 punitive damages. By such action on the part of the court the amount in controversy was reduced below the jurisdiction of said court and the court dismissed said cause. Plaintiffs excepted to the action of the court in dismissing the same and contend here that the court committed error (1) in dismissing their entire cause of action for want of jurisdiction; and (2) if the court did not have jurisdiction, the court committed error in dismissing said suit without giving them an opportunity to amend their pleadings.

Plaintiffs contend that their pleadings were sufficient to confer jurisdiction upon the court both as to the Insurance Company and Clark. As to plaintiffs' demand against Clark, after the court had sustained exceptions to their allegations for actual damage, and we think rightfuly so, there was no basis for recovery of exemplary damages, because the rule is well settled that there can be no recovery for exemplary damages unless the one seeking such recovery has sustained some actual damage. So this left the plaintiffs with a demand against Clark for only the cancellation of the assignment of the insurance policy of $120.00, which was below the jurisdiction of the County Court. The largest amount that plaintiffs could recover, under their pleadings, from the Insurance Company would be the amount of the policy, which was $120.00, plus $60.00 attorney's fee and twelve per cent penalty, amounting to $14.40, together with six per cent interest on the $120.00 from the date said policy should have been paid. Excluding the interest, the different sums demanded total $194.40, which is also below the jurisdiction of the County Court. Article 5, Sec. 16 of the Constitution of this state, Vernon's Ann.St., provides that the County Court, in civil cases, shall have original exclusive jurisdiction when the matter in controversy shall exceed in value $200.00 and not exceed $500.00, exclusive of interest. Article 5070, Vernon's Ann.Civ. Stats., provides: "When no specified rate of interest is agreed upon by the parties, interest at the rate of six per cent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable." Plaintiffs' cause of action against the Insurance Company is based upon a written contract, and by the authority given in Article 5070, supra, they were entitled to sue for six per cent interest on the amount of said policy from the date it should have been paid. It is well settled that such interest follows the judgment and must be excluded in determining the jurisdiction of the County Court. Sewell v. Statler, Tex.Civ.App., 15 S.W.2d 144; Wonderful Workers of the World Benev. Ass'n v. Bookman, Tex.Civ.App., 29 S.W.2d 890; Nueces Hotel Co. v. Ring, Tex.Civ.App., 217 S.W. 255; Sovereign Camp W.O.W. v. Truehardt, Tex.Civ.App., 248 S.W. 757; 11 Tex.Jur. p. 748, § 330.

It is also the rule that upon the sustaining of exceptions by the court, thereby reducing the amount in controversy below the jurisdiction of said court, a party should be given the opportunity to amend so as to bring the controversy involved within the court's jurisdiction, if a request is made therefor in open court, and it would be reversible error for the court to dismiss a suit without giving such opportunity; but it is not error for the court to dismiss a case that it has no jurisdiction to try if the parties affected thereby do not desire to amend their pleadings but prefer to stand upon their contention and belief that their pleadings are sufficient to confer jurisdiction. The record shows no request by the plaintiffs to amend, or refusal of the court to permit such amendment, nor any exception to the court's refusal if the court did so refuse. Plaintiffs do not contend that they made any request to amend or that they tendered to the court any amendment or that they even desired to amend. The statement is made several times in the briefs of Clark and the Insurance Company that plaintiffs did not request or offer any amendment and the only exception taken by plaintiffs was to the action of the court in dismissing said cause. None of these statements are denied by the plaintiffs. It appears to us that the plaintiffs did not desire to amend their pleadings at the time the court dismissed said cause but were content to stand upon the proposition that their pleadings were sufficient to confer jurisdiction. Practically all of their brief is devoted to the support of such contention.

Believing that the plaintiffs have had their day in court, we are of the opinion that the court did not commit error in dismissing the case. St. Louis S. W. Ry. Co. of Texas v. Hill & Morris, 97 Tex. 506, 80 S.W. 368; Western Union Telegraph Co. v. Arnold, 97 Tex. 365, 79 S.W. 8.

The judgment of the trial court is affirmed.