## W. A. Grounds v. J. C. Ingram.

### No. 2645.

1. **Mortgage—Certainty.**—A chattel mortgage on cattle and horses, giving the number of each, describing the brand on them, and further describing them as being, at the date of the execution of the mortgage, on the ranch of the mortgagor in a named county, is not void for want of certainty in the description of the mortgaged property.

2. **Chattel Mortgages.**—The registration of a chattel mortgage in full by a county clerk will not make its record invalid, if the statute applicable to the record of chattel mortgages is otherwise complied with.

3. **Copies—Evidence.**—When a chattel mortgage has been proved up and filed for registration a certified copy thereof is admissible in evidence to prove the fact that such instrument or copy was received and filed according to the endorsement of the clerk thereon, but of no other fact. In order to establish such mortgage its execution must be proved and the original produced or its absence accounted for. When it is shown that the original of such certified copy is on file in another county, the absence of the original is sufficiently accounted for, and the objection that it is not "a copy" should be overruled. Such objection is not equivalent to an objection that it is "not a true copy."

4. **Expenses of Trust.**—When the trustee named in a chattel mortgage attempts after the default in payment of the mortgagor to sell the property, and is prevented by threats of violence made by the mortgagor, so that the mortgagee is compelled to resort to a suit to foreclose, if the mortgage provides that from the proceeds of sale shall be paid all expenses incurred in selling, the mortgagee may recover such sums as he expended in good faith in an effort to sell the property after default and before the action of the mortgagor to hinder the sale.

5. **Continuance.**—For facts pertaining to a verbal agreement between counsel, *held* insufficient to warrant a continuance, see statement of case.

APPEAL from Tarrant.    Tried below before Hon. J. Y. Hogsett, Special District Judge.

This suit was filed against defendant, a citizen of Taylor County, upon a promissory note given by him to plaintiff for the sum of five thousand dollars, interest and attorney fees, and to foreclose an alleged deed of trust given to secure the same, a copy of which deed was attached to plaintiff's petition.

The cause was reached and called for trial December 29, 1886, and plaintiff's attorney, Ayres, appeared and announced that the attorneys of defendant resided at Abilene, Taylor County, and if the case could be set down for trial on the morning of December 31, so as to give defendant's attorneys an opportunity to be present, he was willing it should be done, provided the case would be certainly called up at that time; to which the court announced that, owing to previous sittings, there were cases on the docket which had precedence of this, and that this could not be taken up and displace a case that had precedence, but if plaintiff's counsel saw proper to set the case or pass it on the docket and take the chances of getting it up for trial he could do so (the week in which the case was called being the last week of the term for the jury civil docket). Whereupon the plaintiff's counsel declined to pass the case or set it, and announced ready for trial.

A jury was drawn and sworn, and the plaintiff read his petition and was proceeding with his case (having already offered the note and copy of mortgage), when J. W. Wray, of the law firm of Wray & Stanley, appeared in court and asked the attention of the court to make a statement concerning the case, which request was granted by the court, and said attorney stated that Bentley & Bowyer, of Abiline, were attorneys for defendant, and had requested Wray & Stanley to give the case attention, if needed, in the absence of the former, and that he (Wray) desired to have the case postponed or continued on defendant's behalf, and desired to make a showing for this purpose. Plaintiff's counsel announced that he would waive a written showing, and would agree that the counsel for defendant state the same to the court. Whereupon Wray stated in substance that Bentley & Bowyer, who resided at Abilene, about 200 miles distant from Fort Worth, were the attorneys of defendant in the case and were familiar with the defense; that Mr. Bentley had been in Fort Worth on the previous Monday for the purpose of looking after the case, and, if necessary, attending the trial of it; that he (Wray) was informed by Bentley that he and B. P. Ayers, attorney for plaintiff, had examined the docket and agreed that the case could not likely be reached on the call of the docket at this term, and that Ayers had agreed that if at any time it was apparent that the case was about to be reached he would telegraph Bentley to that effect, and would not take up the case in Bentley's absence, and that Bentley went from here to Abilene with that understanding; that the de-

fendant, W. A. Grounds, was a material witness to establish the plea of usury; that he lived in Taylor County about 200 miles away from Fort Worth; that he was not present because it was not expected that the case would be reached on the docket for trial at this term.

Plaintiff's attorney, B. P. Ayers, asked leave to make a statement, and stated that it was true that he and Bentley examined the docket and agreed that the chances were that the case would not be reached for trial at this term, but said that he expressly told Bentley if it was reached he (Ayers) would insist upon a trial, and said the only promise or agreement he made Bentley was that if by the run of the docket it appeared the case would be reached he would telegraph Bentley, which he had done as soon as it appeared there was a probability of reaching the case; that he telegraphed Bentley on the day it was called for trial.

The court held that the showing for a continuance was insufficient, and directed the trial to proceed; whereupon the said Wray asked the court to suspend the trial for one hour to allow him to make a written showing for a continuance, which the court declined to do; whereupon said Wray announced that he desired to present demurrers in the answer to the petition, which the court allowed, and required the plaintiff to reoffer his evidence that defendant's attorney might have opportunity to object thereto.

Defendant's attorney objected to the ruling of the court in refusing to stop the trial and grant a continuance, and in refusing to suspend for one hour to allow him to make a written showing after the verbal application had been overruled. Defendant urged that there was error in the rulings of the court in this, that the facts admitted to be true were a sufficient excuse for all apparent neglect or inattention on the part of defendant; that it was unreasonable to expect him and his counsel to attend upon the court with no probable chance of reaching the case, and having relied upon the promise of plaintiff's attorney that he would notify defendant's counsel if there was a probable chance of reaching it, so that they could be present.

*Wray & Stanley* and *Bentley & Bowyer*, for appellant.—1. A mortgagee seeking a foreclosure must point out specifically that property upon which his mortgage operates. A mortgage specifying that it is given on a certain number of stock horses and cattle on a certain ranch in a certain brand, without further showing that it is intended to operate on all of such in said brand on such ranch, does not meet above requirement and is void for uncertainty, and unless the mortgagee pleads and proves that the number mentioned is all in that brand on that ranch his mortgage is inoperative. Jones on Chat. Mort., 2 ed., secs. 56, 57, *et seq.*

2. The pretended mortgage in this cause was not recorded as prescribed by the law relating to chattel mortgages, and a copy could not

be used without accounting for original instrument.   Brothers v. Mundell, 60 Texas, 240.

*B. P. Ayres,* for appellee. — 1. The court did not err in overruling defendant's motion for a continuance, it being insufficient either for a first or second continuance.   Ward v. Boon, Dallam, 561; Fulton v. Craddock, Dallam, 458; Hipp v. Huchett, 4 Texas, 20; Chilson v. Reeves, 29 Texas, 275; Stanley v. Epperson, 45 Texas, 644.

2.   Plaintiff was not bound to allege in his petition or to prove upon the trial that the cattle and horses mentioned in the chattel mortgage were all the cattle and horses in the designated brands upon the ranch mentioned.   This being matter of defense, must be alleged and proved by defendant.

3.   As between the mortgagor and mortgagee, "the original parties," the mortgagor can not be heard to say that the description of the property is too uncertain and indefinite.   Boone on Mort., sec. 6; 13 Cal., 490; Boone on Mort., sec. 236, and authorities there cited.

4.   The copy of the chattel mortgage, "it being attached to and made an exhibit to plaintiff's petition," was sufficiently identified and proved by its certificate of authentication and otherwise to render it admissible in evidence as between the parties to the instrument, "the mortgagor and mortgagee."   Acts 1879, ch. 127, sec. 3; Brothers v. Mundell & Co., 60 Texas, 240.

STAYTON, CHIEF JUSTICE.—Appellee brought this action to recover the amount due on a promissory note executed to him by appellant, and to foreclose a chattel mortgage given to secure it.

The mortgage covered five hundred head of horses and the same number of cattle, described by a designated brand, all of which in the instrument were declared to be on appellant's ranch in Taylor County; and there is nothing in the mortgage nor in the record which shows that the mortgaged property was not described with sufficient certainty to pass title to specific property had the transaction been a sale instead of a mortgage.

The mortgage contained a power to sell in case the debt was not paid at maturity, and the trustee attempted to collect the mortgaged property for the purpose of selling it to satisfy the debt after its maturity, but he was threatened with violence in case he proceeded, and desisted, and this action was brought.

The mortgage contained a provision that the costs incurred in selling under it should be paid out of the proceeds of the property when sold, and appellee sought to recover a sum thus expended prior to the time the trustee was deterred from exercising the power conferred on him.

The mortgage having been acknowledged was filed in the office of county clerk for Taylor County, as chattel mortgages are required to be.

A copy of that mortgage, duly certified by the proper officer, was made an exhibit to the petition.

Appellant pleaded a general denial, alleged that the note carried usurious interest, and that the property mortgaged was but parts of stocks of cattle and horses.

There seems to have been a verbal agreement looking to convenience of counsel as to time when the cause should be taken up, but nothing tending to show that counsel for appellee intended to waive right to trial when the cause was reached in its order.

When the cause was reached counsel for appellee suggested that counsel for appellant resided in another town, and that he was willing to pass the case until another day, if thereby his right to a trial at a future day of the term should not be prejudiced.

The court declined to give that assurance, and the trial began, when other counsel appeared for appellant, who was permitted therein to make an informal application for continuance, which was overruled.

We do not see that there was anything in the agreement of counsel which entitled appellant to a continuance, and in so far as it was asked on account of his absence as a witness the application was insufficient, in that he did not show that by the exercise of reasonable attention to his own business his deposition could not have been taken or he be present in person to testify.

The certified copy of mortgage attached to the petition was offered as evidence, and objected to on three grounds:

1. Because the description of property was not such as to identify any particular property.

2. Because it was claimed that the certificate showed that the mortgage had been recorded in full, instead of being deposited with the clerk, as is provided by law for the registration of chattel mortgages.

" 3. Because the instrument offered is only a copy, and is not the best or primary evidence."

The mortgage described the property covered by it with as much particularity and precision as is usual or necessary in the description of such property, and if uncertainty exists, this arises from facts extrinsic the instrument, which are not shown by the record before us.

What the effect of such uncertainty of description, if shown, would be, it is not now necessary to consider. The certificates to the copy of the mortgage offered do not show that it was registered or recorded otherwise than is required by the law regulating the registration of chattel mortgages, but if it was shown that it was recorded in full, this would not render the registration invalid, if the law regulating the registration of such instruments was otherwise complied with.

The inference from the certificates is that the law regulating the registration of chattel mortgages was complied with.

The law regulating the registration of chattel mortgages, among other things, provides that "a copy of any such original instrument, or any copy thereof, so filed as aforesaid, certified by the clerk in whose office the same shall have been filed, shall be received in evidence of the fact that such instrument or copy was received and filed according to the endorsement of the clerk thereon, *but of no other fact.*"

The law provides that an original chattel mortgage may be filed, as was done in this case, and we see no good reason, when the mortgage has been acknowledged or proved for registration in the ordinary mode, and the original filed in the proper office, why a certified copy of that should not be received in evidence under the same rules which admit certified copies of other instruments properly registered.

There may be reasons why certified copies should not be received when only a copy is filed with the clerk, which the law permits to be done.

The Legislature, however, has declared that certified copies "*shall be received in evidence of the fact that such instrument or copy was received and filed according to the endorsement of the clerk thereon,* but of no other *fact.*"

This law has application only to chattel mortgages, and the emphatic language used shows that it was not intended that the statutes applicable to the use of certified copies of instruments recorded under the general registration laws should apply.

If the statute in question deprived the holder of a chattel mortgage of all opportunity or means to prove its existence and contents, it ought not to be given effect; but such is not its effect. A mortgagee is under no obligation to file the original mortgage, but if it has been acknowledged, as was the mortgage in this case, he may file a copy, which will protect his right to him as fully as though the original was filed.

The original may be proved up in such a case and used in evidence under the rules applicable to the proof and admission of instruments, and if the original be filed its execution and contents may be proved in the same way.

The method of making proof may not be so convenient as is it in other cases under the laws regulating the admission of instruments or certified copies thereof when recorded under the general registration laws, but this furnishes no reason why effect should not be given to the clearly expressed intention of the Legislature.

In Boydston v. Morris, 71 Texas, 699, it was held that a certified copy of a chattel mortgage should not have been received for a purpose other than that contemplated by the statute, and that "in order to establish the mortgage its execution should have been proved, and the original produced or its absence accounted for."

A very similar statute was in force in New York when the case of Bissell v. Pearce, 28 New York, 256, was decided, and a certified copy had been introduced for the purpose of showing an executed mortgage and its contents; but the court, after saying that it was admissible for some purpose, said: "But evidence of what? The statute answers, of the fact only that such instrument or copy and statement were received and filed according to the endorsement hereon, and of no other fact; and so also as to the original endorsement by the clerk, it is to be received in evidence only of the facts stated in such endorsement. Such evidence is no proof of the existence of the mortgage."

If the attention of the Legislature be called to the statute in question, it would no doubt place it in harmony with other statutes permitting original instruments properly recorded to be used in evidence without further proof of their execution, and permitting certified copies of duly recorded instruments to be used under given circumstances; but so long as the statute stands this court must give effect to the clearly expressed intention.

It does not follow from this, however, that the court below erred in admitting the copy over the objections urged to it. The very objections made are those to be here considered.

The first objection was that the paper offered was a copy, and not that it was not a true copy of the original, nor that the paper of which it purported to be a copy was not shown to have been executed by appellant.

It is shown that the paper of which that offered in evidence purports to be a copy was filed in the office of the county clerk of Taylor County, and that can not be withdrawn.

Thus is the non-production of the original sufficiently accounted for on the trial of this cause in Tarrant County. The objection that it was "a copy" is not equivalent to one that it was not shown to be a true copy, but carries with it the implication that such was conceded to be its true character. Appellee not being able to produce the original, because a filed paper in another county, was entitled to introduce such secondary evidence as was available. That a proved copy would have been admissible, the execution of the original being shown, under the circumstances of this case can not be questioned, and had the objection been that the execution of the original had not been proved or that the paper offered was not shown to be a true copy, then the objection should have been sustained unless the proof was made. If either of these objections had been made, the record leaves no doubt that they would have been obviated by proper evidence, if this was not actually done.

The attorney who wrote the mortgage testified on the trial to that fact and that it was signed by appellant, and had there been an objection based on the want of proof of execution of the original, or of the correctness of the copy offered, appellee would have had an opportunity to make these

matters clear and beyond controversy. The objection raised neither of these questions, but did raise the single question whether the copy could be used in absence of the original. On that question the court below ruled correctly.

The court below correctly ruled that appellee was entitled to recover such sum as he had in good faith expended in accordance with the terms of the mortgage in an effort to sell the property as therein provided, which, however, was prevented by the wrong of appellant, who forced the more expensive foreclosure through the courts.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered December 20, 1889.