W. J. BETTERTON & Co. v. B. T. ECHOLS.

No. 7554.

1. **Jurisdiction of District Court — Cases Adhered to.**—Erwin v. Blanks, 60 Texas, 583, and Carney v. Marsalis, 77 Texas, 62, adhered to. The District Court has jurisdiction to try the right to property the value of which is fixed by the sheriff in his return at $500.

2. **Trial of Right of Property — Copy of Writ.**—The sheriff, when property in his hands is claimed by affidavit and claim bond, is required to return the affidavit and bond with copy of the writ under which he seized the property. When a copy is found among the papers of the case with a return upon it signed by the sheriff officially, and showing his seizure of the property under it, and his release of it upon claimant executing the statutory claim bond, it will be presumed that the sheriff performed his duty and returned a true copy of the original writ.

3. **Chattel Mortgage.**—A chattel mortgage, although registered under the Act of April 22, 1879 (Sayles' Civil Statutes, article 3190b), is not admissible in evidence unless its execution is proven as at common law.

APPEAL from Fannin. Tried below before Hon. E. D. McCLELLAN.

*W. H. Gross* and *Lusk & Thurmond*, for appellants. — 1. Every writing offered in evidence as a copy, and in lieu of an original writing not so offered, must be duly authenticated as such copy by the certificate of some person lawfully authorized to give such copies, or duly proved to be a copy of the original, before it is admissible; and a writing offered

as a copy of a writ of sequestration, made by a sheriff under article 4829 of the statutes, before it is admissible in evidence, should be authenticated by the sheriff's certificate or proven by evidence to be a true copy of said writ.    Traylor v. Lide, 7 S. W. Rep., 58; 1 W. & W. C. C., sec. 669; 1 Whart. Ev., sec. 104; 2 Phil. Ev., 292, *349; 1 Greenl. Ev., sec. 507; Coons v. Renick, 11 Texas, 135.

2. (1) A chattel mortgage is an instrument forbidden by statute to be recorded, and needs not to be acknowledged or proven before it is deposited and registered in the county clerk's office; hence no chattel mortgage is admissible in evidence before proof of its execution, over objection for want of such proof, though it may be acknowledged as the law requires for instruments which it permits to be recorded.

(2) The provisions of the statute permitting the admission in evidence of acknowledged or proven instruments, which have been duly recorded, is in derogation of the common law, and must be strictly construed. Sayles' Civ. Stats., art. 3190b, secs. 1–9; Rev. Stats., arts. 2257, 3190b, 4298, 4331; Gaines v. Ann, 26 Texas, 340; Hancock v. Lumber Co., 65 Texas, 225; Land Co. v. Chisholm, 71 Texas, 523; Chator v. Brunswick Co., 71 Texas, 588; Boydston v. Morris, 71 Texas, 697.

*Taylor & Galloway*, for appellee. — 1. A claimant of property levied on by writ of sequestration, execution, or attachment, can not inquire into the regularity of the writ.    1 W. & W. C. C., sec. 1070; Sydnor v. Roberts, 13 Texas, 598; Earle v. Thomas, 14 Texas, 591; Portis v. Parker, 22 Texas, 699.

2. A chattel mortgage duly registered is admissible in evidence to prove when it was recorded or registered, or the fact that it was so regististered.    Grounds v. Ingram, 75 Texas, 509.

GAINES, ASSOCIATE JUSTICE.—This was a trial of the right of property in certain bar room furniture, which was seized by virtue of a writ of sequestration, issued from the District Court of Hunt County, in favor of the appellee and against one J. S. Harrison.    The plaintiff in the original suit, the appellee here, sought in that action to foreclose a mortgage upon the property sequestered.    The writ was executed in Fannin County by the sheriff of that county.    The appellants having made an affidavit and given bond as required by the statute for the trial of the right of property, and the property having been valued by the sheriff at $500, the oath and bond, together with a copy of the writ, were returned to the District Court of Fannin County.

In his tender of issues the plaintiff alleged, in substance, that he was the holder of a note made by Harrison, which was secured by a mortgage upon the property sequestered.    The claimants pleaded a general denial, and specially answered that the mortgage was fraudulent and void, and

that before the levy of the writ of sequestration they had acquired title to the property by a purchase at a sale under execution against Harrison, the alleged mortgagor. Such is an outline of the issues as presented in the pleading. The validity of the writ of sequestration was not put in issue by any special plea.

It is insisted in appellants' brief, that because the value of the property as assessed by the sheriff was exactly $500 the District Court did not have jurisdiction to try the cause. In Erwin v. Blanks, 60 Texas, 583, this precise question was presented, and it was held, that the District Court had jurisdiction of such a case. The conflicting provisions of our Constitution and statutes upon this matter are very fully discussed in the opinion. The doctrine is reaffirmed in Carney v. Marsalis, 77 Texas, 62.

Upon the trial the plaintiff offered in evidence the copy of the writ of sequestration which had been returned by the sheriff, and its admission was objected to by the claimants, upon the ground that it was not certified to as a true copy of the original writ. It was admitted by the court notwithstanding the objection. In Fort Worth Publishing Company v. Hitson, 80 Texas, 216, we held, that upon the trial of the right of property, the plaintiff was not bound to offer in evidence the writ under which the property was taken, unless its validity be assailed by the claimant in a special answer. It follows, that if the court erred the error was immaterial. We will say, however, in view of another trial, that none of the objections to the writ are tenable. It is in substantial compliance with the statute. The statute does not require that the sheriff shall certify to the copy of the writ which he returns to the court with the affidavit and bond for the trial of the right of property. It merely requires that he shall return a copy. Rev. Stats., art. 4829. When a copy is found among the papers of the case with a return upon it, signed by him officially, and showing, as in this case, that he has seized the property by virtue of the writ and released it upon the claimants making oath and giving bond for the trial of the right of property, we think it is to be presumed that he has done his duty, and that the copy returned is a true copy of the original writ.

The court also admitted in evidence the mortgage alleged in plaintiff's pleading, over the defendants' objection. The ground of objection was, that there was no proof of its execution. We think the objection well taken, and the mortgage should have been excluded. This was a chattel mortgage, and is required to be registered under the Act of April 22, 1879 (2 Sayles' Civil Statutes, article 3190b); and since that act went into effect it is an instrument that is not authorized to be recorded by article 4331 of the Revised Statutes. Therefore we think it was not admissible without proof of its execution, even if it had been filed among the papers three days before the trial and proper notice had been given. The Act of April 22, 1879, is peculiar. It permits the registration of chattel mortgages without acknowledgment in proof of their execution,

and therefore we think it was not intended that they should be admitted in evidence under any circumstances except upon proof as at common law. The case of Grounds v. Ingram, 75 Texas, 509, cited in brief of counsel for appellee, is not in point and does not support their contention. There a copy of the mortgage was admitted in evidence, and it is evident from the opinion that its admission would have been held error if the proper objection had been interposed.

The other assignments of error either present questions already disposed of by what we have said, or are such as need not arise upon another trial.

For the error of the court in admitting the mortgage without proof of its execution, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 10, 1892.