M. T. PETERSON v. W. J. MARTINEZ & BROS.

Decided January 7, 1904.

**Chattel Mortgage—Evidence—Registration.**
A chattel mortgage, though duly registered, is not admissible against one not a party thereto until its execution is proven as at common law.

Appeal from the County Court of Nacogdoches. Tried below before Hon. Robert Berger.

*Mims & King,* for appellant.

*Brewer & Hodges,* for appellee.

ON MOTION FOR REHEARING.

GILL, ASSOCIATE JUSTICE.—At a former day of this term the judgment of the trial court in this cause was affirmed by us without written opinion.

The one question which might have wrought a different result we thought was not presented in such form as to require our notice, and, being technical in its character, we were not inclined to relax the rules in order to consider it. A closer inspection of the bill of exceptions has convinced us that the point is fairly before us for decision, and this conclusion makes it necessary to state the case and the question.

The plaintiff, W. J. Martinez & Bro., sued one M. Peterson on a promissory note for $334.20 and alleged that the payment thereof was secured by M. Peterson's mortgage on certain railroad ties. A foreclosure of this mortgage was sought and it was further alleged that M. T. Peterson was in possession of the ties with notice of the mortgage. For the purpose of the foreclosure he was made a party defendant.

The defendants, after demurrer and exception, each answered by general denial but neither interposed a plea of non est factum. The note and mortgage were introduced and the ties were shown to be in possession of M. T. Peterson with notice of the mortgage. To the introduction of this mortgage as against him and its consideration for the purpose of affecting his rights M. T. Peterson objected on the ground that the execution of the mortgage was not shown. Though the purported witnesses to the execution of the mortgage were present in court the objection was overruled and the witnesses not called. Plaintiff obtained judgment against both defendants as prayed for and M. T. Peterson has appealed.

The admission and consideration of this mortgage against appellant over his objection is the question referred to above and the error which requires the granting of this motion and the reversal of the judgment.

A chattel mortgage, though duly registered, is not admissible against

one not a party thereto until its execution is proven as at common law. In Betterton v. Echols, 85 Texas, 212, and Ames Iron Works v. Chinn, 38 S. W. Rep., 247, the exact point is decided.

For these reasons our former judgment is set aside, and the judgment of the trial court in so far as it involves the rights of M. T. Peterson is reversed and the cause remanded for another trial.

*Reversed and remanded.*