## POWELL v. NICHOLSON. (No. 3188.)

(Court of Civil Appeals of Texas. Texarkana. March 10, 1926. Rehearing Denied March 25, 1926.)

Chattel mortgages ⬦⟹278—Admission in evidence of original mortgages without proof of execution held not erroneous in suit to foreclose chattel mortgage, where one mortgage was but a renewal of other, and there was no denial under oath. (Rev. St. 1911, arts. 1906, 3710).

In suit on note and to foreclose chattel mortgage, admission in evidence of two original mortgages, without proof of execution, *held* not erroneous, in view of Rev. St. 1911, arts. 1906 and 3710, where one mortgage was but a renewal of the other, and suit was founded on mortgage and note, and there was no denial under oath.

Appeal from Titus County Court; C. G. Engledow, Judge.

Action by R. G. Nicholson against J. J. Powell. Judgment for plaintiff, and defendant appeals. Affirmed.

H. G. Brown and S. P. Pounders, both of Mt. Pleasant, for appellant.

S. F. Caldwell, of Mt. Pleasant, for appellee.

HODGES, J. The appellee sued the appellant to recover the sum of $755, with interest and attorney's fees, due upon a note, and to foreclose a chattel mortgage on a sawmill outfit. A trial before the court without a jury resulted in a judgment for the amount sued for, together with the foreclosure of the mortgage.

In this appeal the appellant seeks a re-

versal upon the ground that the court admitted in evidence two original mortgages upon the property, without proof of their execution. Under the provisions of articles 1906 and 3710 of the Revised Statutes of 1911 it was not necessary to prove the execution of those instruments before admitting them in evidence. One mortgage was but a renewal of the other, and the suit was founded upon the mortgages as well as the note, and there was no denial under oath.

Appellant refers to the case of Betterton et al. v. Echols, 20 S. W. 63, 85 Tex. 212, as holding to the contrary. That was a controversy between a creditor and a claimant. This is a suit between the mortgagee and the mortgagor. The difference between the two controversies justifies the application of a different rule of law.

The judgment is affirmed.