## HOUSTON NAT. BANK v. ADAMS et al.
### (No. 1413.)

Court of Civil Appeals of Texas. Beaumont. April 21, 1927.

Rehearing Denied May 11, 1927.

1. Trial ⬠180—Where jury has been demanded and impaneled to try disputed matter, court cannot, over objection of parties, withdraw case, and enter judgment on facts.

Where jury has been demanded and impaneled to try matter in dispute between parties, trial court cannot, over objection of parties, withdraw case from jury and enter a judgment upon facts, even though they be well pleaded and indisputably proved, especially where testimony is that of interested parties.

---

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Evidence ⊂⊃370(4) — Mortgage properly registered and filed among papers in case held improperly admitted without proof of execution.**

Where mortgage had been properly registered under statute and filed among papers in case in required time, admitting mortgage in evidence over objection without any proof of its execution *held* error.

**3. Evidence ⊂⊃317(2)—Evidence that mortgagee did not take mortgaged rice, because man in charge told him he could not get rice without order from defendant, held inadmissible as hearsay.**

In suit on notes and for conversion of rice covered by mortgage securing notes, evidence that plaintiff did not take rice under mortgage because man in charge told him he could not get rice without order from defendant bank, as he had orders to hold it for bank, was hearsay, and improperly admitted.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit by James R. Adams and others against C. D. Spencer, the Houston National Bank, and others. From the judgment, the Houston National Bank appeals. Reversed and remanded.

W. G. Love, and Wagner & Wagner, all of Houston, for appellant.

W. O. Dailey and K. C. Barkley, both of Houston, for appellees.

O'QUINN, J. James R. Adams sued C. D. Spencer to recover on certain promissory notes executed by Spencer payable to Adams, and joined the Houston National Bank, Old River Company, and the Industrial Rice Mill, Inc., as defendants, and sought a recovery against them for damages for the alleged conversion of rice alleged to belong to Spencer, upon which appellee Adams alleged he held a mortgage to secure the payment of the notes sued on.

The case was tried to a jury, but at the conclusion of the plaintiff's evidence all parties rested, and the court, on his own motion, over the objection of appellant, withdrew the case from the jury and rendered judgment in favor of appellee Adams for the principal, interest, and attorney's fees provided for in the notes sued on against Spencer, the Houston National Bank, the appellant, the Old River Company, and against the Industrial Rice Mill, Inc., for $538.52, with the provision that, when paid, it should be credited on the judgment against the other defendants, and that the Industrial Rice Mill, Inc., recover judgment against the appellant, Houston National Bank, and the Old River Company for such amount as it should pay on the judgment.

The Houston National Bank, appellant, duly reserved its exceptions to the action of the court in withdrawing the case from the jury, and, after the rendition of the judgment filed its motion for a new trial, which was overruled, and appellant reserved its exception and gave notice of appeal, and the case is before us for review.

We do not deem it necessary to state the pleadings of the parties—they are long and detail many particulars, covering more than 40 pages of the transcript. The appeal is before us with 14 propositions, based upon 22 assignments of error.

The first three propositions complain that the court erred in withdrawing the case from the jury over the objection of appellant. The reasons for the withdrawal of the case from the jury are recited in the judgment, as follows:

"Be it remembered, that on the 19th day of November, A. D. 1924, the above styled and numbered cause came on for trial and then came plaintiff, James R. Adams, in person, and by his attorney and announced ready for trial, and Chas. D. Spencer came not but wholly made default, and the defendant the Houston National Bank, a corporation, came by its attorneys and announced ready for trial, and the defendant the Old River Company, a corporation, came by its attorneys and announced ready for trial, and the defendant the Industrial Rice Mill, Inc., came by its attorneys and announced ready for trial, and thereupon came a jury of twelve good and lawful men and said cause proceeded to trial and continued until the 21st day of November, 1924, and the plaintiff, after the introduction of his testimony, rested and the defendants the Houston National Bank, a corporation, the Old River Company, a corporation, and the Industrial Rice Mill, Inc., a corporation, rested, and, there being no issues requested to be submitted and to be submitted to the jury, the court announced that there was no issue for the jury, and that the court would withdraw the case from the jury and render a judgment for the plaintiff in accordance with a decree to be thereafter prepared and entered. To which action of the court in withdrawing the case from the jury, and discharging the jury, the defendants at the time excepted."

The rule is well settled that the court may direct a verdict for the defendant when the plaintiff has failed to produce evidence sufficient, as a matter of law, to entitle him to recover, but this rule rests upon the proposition that the burden of proof is upon the plaintiff to establish the material allegations of his petition, and, when he fails to do so, there is nothing for the defendant to meet and no issue of fact to be presented to the jury. In the application of this rule, our courts have universally held that, in determining the effect of the evidence offered by the plaintiff, it must be given the construction most favorable to him, and, when so construed, if there is any evidence tending to support his contention, the right to recover must be submitted to the jury.

[1] However, a very different rule applies

with respect to the authority of the court to instruct a verdict in favor of the plaintiff and against the defendant, for the manifest reason that the positions of the parties are then reversed and the evidence must then be given the construction most favorable to the defendant, and the question as to whether or not the plaintiff has by the evidence discharged the burden of proof resting upon him, is a question of fact, the determination of which involves a construction of the testimony and the conclusions to be drawn from any part of the testimony which may be indefinite or the effect of which may be involved in the slightest obscurity or uncertainty, or in which conflicts or inconsistencies may appear. We do not deem it necessary or profitable to state the evidence submitted, but, in view of the pleadings and the evidence, we think the court erred in withdrawing the case from the jury and rendering judgment as was done. Where a jury has been demanded and impaneled to try a matter in dispute between parties, the trial court has no power, over objection of the parties, to withdraw the case from the jury and enter judgment upon the facts, even though they be well pleaded and undisputably proved. The finding upon the evidence must be by the jury and not the court, and the judgment of the court must be based upon the finding of the jury. Ablowich v. National Bank, 95 Tex. 429, 432, 67 S. W. 79, 881; Mills v. Mills (Tex. Com. App.) 228 S. W. 919; Peerless Fire Insurance Co. v. Barcus (Tex. Civ. App.) 227 S. W. 368; Burleson v. Tinnin (Tex. Civ. App.) 100 S. W. 350; Sonnenthiel v. Christian Moerlein Brewing Co., 172 U. S. 401, 19 S. Ct. 233, 43 L. Ed. 492. Especially is this true where the testimony is that of interested parties, as was the case here.

[2] Appellant's sixth proposition asserts that the court erred in admitting in evidence, over its objection, the mortgage of Spencer to Adams covering 200 sacks of the rice in controversy. The mortgage had been properly registered under the statute and filed among the papers in the case in the required time, but appellant objected to its admission unless its execution was also proved. This objection was overruled, and the mortgage admitted in evidence without any proof of its execution. This was error. Betterton v. Echols, 85 Tex. 212, 20 S. W. 63; Patterson v. Martinez (Tex. Civ. App.) 78 S. W. 401; Ames Iron Works v. Chinn, 15 Tex. Civ. App. 88, 38 S. W. 247.

[3] Appellant, by its seventh proposition, complains that the court erred in permitting appellee Adams to testify, over the objection of appellant, that, at the time the rice upon which Adams claimed a mortgage was separated from the other rice in Spencer's field, he did not move said rice, because a man, by the name of Hatmaker told him he could not get the rice without an order from appellant,

Houston National Bank, as he had orders to hold it for appellant. Timely objections were made by appellant to the introduction of this testimony, on the ground that same was hearsay as to it, and not binding upon it, and related to a transaction between third parties for which appellant was not shown to be responsible and therefore not admissible against it. The court overruled the objection and permitted Adams to so testify. We are of the opinion that this evidence was hearsay, res inter alios acta, and not admissible for any purpose, so far as the record shows. Rankin v. Bell, 85 Tex. 28, 32, 19 S. W. 874; Marrett v. Herrington (Tex. Civ. App.) 145 S. W. 254.

Other assignments are presented, but, as the matters complained of may not arise upon another trial, they will not be discussed.

Because of the errors above shown, the judgment is reversed, and the cause remanded.