## ADAMS v. HOUSTON NAT. BANK.
### (No. 861—4929.)

Commission of Appeals of Texas, Section B.
Jan. 25, 1928.

**1. Jury ⟜12(3)—Without controverted issue of fact, right to trial by jury does not exist, and jury may be discharged, and judgment rendered on undisputed facts.**

Constitutional right to jury trial does not include cases where, under evidence, there is no controverted issue of fact for determination, there being nothing for court to submit to jury, and jury may be discharged and judgment rendered in accordance with undisputed facts.

**2. Appeal and error ⟜742(1)—Assignment of error to reversal of trial court's action in taking issue of conversion from jury and giving judgment for plaintiff was insufficient, where statement following assignment did not indisputably show conversion (Supreme Court rule 1, subd. [h]).**

Assignment of error required by rule 1, subd. (h), of the Supreme Court, to state clearly error complained of, alleging that Court of Civil Appeals erred in overruling trial court's action in withdrawing action for conversion from jury, but not showing indisputably in statement following assignment that defendant converted property, but merely stating some evidence from which it might reasonably be inferred that it converted part of property, could not be sustained.

**3. Appeal and error ⟜742(1)—Supreme Court need not examine entire statement of facts to determine if assignment could have been supported.**

The Supreme Court has no duty or right to examine entire statement of facts to ascertain if plaintiff in error could have supported assignment by fuller statement from record.

**4. Appeal and error ⟜1089(5)—Supreme Court will not reverse proper judgment of Court of Civil Appeals, though based on improper ground.**

A proper judgment of the Court of Civil Appeals will not be reversed by the Supreme Court, even though court puts its decision on an improper ground.

**5. Appeal and error ⟜742(1)—Uncontested statement by appellant showing error in withdrawing case from jury may be accepted by Court of Civil Appeals (rule 31 for Courts of Civil Appeals).**

Where statement by appellant in Court of Civil Appeals, assigning error to court's taking action of conversion from jury, and setting out what appellant declared to be only evidence with reference to alleged conversion which failed to show conversion, was not challenged by appellee, Court of Civil Appeals was authorized, if not required, to accept appellant's statement, and was justified in holding that court erred in withdrawing case from jury, under rule 31 for Courts of Civil Appeals.

**6. Trial ⟜141—Trial court may instruct verdict or withdraw case and render judgment if facts are well pleaded and indisputably proved.**

If facts in case are well pleaded and indisputably proved, there is nothing to be submitted to jury, and trial court could then instruct verdict, or withdraw case and render judgment.

**7. Judgment ⟜199(1)—Rule prohibiting judgments non obstante veredicto is not violated by giving of summary instruction or withdrawing case from jury.**

Giving of summary instruction or withdrawal of case from jury does not violate rule that court has no authority to enter judgment non obstante veredicto.

**8. Evidence ⟜343(8, 9) — Certified copy of chattel mortgage is admissible in evidence without proof of execution as to party sought to be charged unless execution is denied under oath.**

Under statute, certified copy of chattel mortgage duly registered and filed among papers in case is admissible in evidence as original, would have been if offered, and as to parties to be charged thereon no proof of execution of original is required unless execution has been denied under oath.

**9. Evidence ⟜343(8, 9)—Chattel mortgage must be proved as at common law, where certified copy is objected to by party not sought to be charged thereon.**

Where party objecting to certified copy is not one sought to be charged in instrument, and therefore within requirement of denial under oath, chattel mortgage sought to be introduced in evidence must be proved as at common law.

**10. Principal and agent ⟜123(1)—Claim by defendant of rice alleged to have been converted held not to show authority by person in charge of rice to speak for defendant.**

In suit for conversion of rice covered by mortgage to plaintiff, fact that defendant bank, through its president, subsequently claimed rice does not show authority of person in charge of rice to speak for defendant with reference to defendant's claim.

**11. Appeal and error ⟜1173(2)—Reversal of judgment for plaintiff and remanding of entire cause by Court of Civil Appeals held error, where part of defendants did not appeal.**

In action for conversion against several defendants, it was error for Court of Civil Appeals to reverse judgment for plaintiff and remand entire cause, where there was no appeal by part of defendants.

**12. Appeal and error ⟜1173(2)—Reversal on appeal by one party to judgment will not work reversal of judgment as to nonappealing parties, unless rights of parties are dependent.**

Appeal by one party to judgment and reversal had by him will not work reversal of judgment as to other parties not appealing, unless respective rights of appellant and coparties are so interwoven or dependent upon each other as to require such course.

---

⟜**For** other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**13. Appeal and error ⊜⊐1173(2)—Reversal on appeal by one defendant from several judgment will not work reversal as to all defendants.**

Where judgment is several one, each defendant becomes primarily liable, and appeal and reversal by one defendant will not work reversal as to all.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by James R. Adams against the Houston National Bank and others. Judgment for plaintiff was reversed and remanded by the Court of Civil Appeals (295 S. W. 198), and plaintiff brings error. Reversed in part, and affirmed in part.

W. Owen Dailey and Ralph W. Plummer, both of Houston, for plaintiff in error.

W. G. Love and Wagner & Wagner, all of Houston, for defendants in error.

SPEER, J.　This suit was instituted by James' R. Adams against Charles D. Spencer for debt and to foreclose certain chattel mortgages upon his rice crop for the year 1920, and against the Houston National Bank, the Old River Company, and the Industrial Rice Mill, Inc., for conversion of the property covered by the chattel mortgages. There was a jury impaneled, but after the evidence was all in, the court withdrew the case from the jury and rendered judgment for the plaintiff against the defendants Spencer, Houston National Bank, and Old River Company, jointly and severally, for the sum of $2,528.98, with interest. There was likewise a judgment in favor of the plaintiff against the defendant Industrial Rice Mill, Inc., for a smaller sum, which, it was directed, when paid should be credited on the judgment of Adams against the other defendants. The defendant Houston National Bank alone appealed, and the Court of Civil Appeals reversed the judgment and remanded the cause for another trial. 295 S. W. 198.

The question first properly to be decided is presented by plaintiff in error's proposition that:

"Where plaintiff's case is established by evidence other than his own testimony and by the unchallenged testimony of a defendant, and there are no controverted issues of fact, it is not error for the trial judge to withdraw the case from the jury and render judgment upon such uncontradicted testimony, and the case is taken out of the rule that the truthfulness of an interested witness cannot be assumed."

This is predicated upon assignments complaining of the ruling of the Court of Civil Appeals holding that the trial court erred in withdrawing the case from the jury and entering judgment for the plaintiff.

[1] We find no fault with this proposition. The constitutional right to a jury trial does not include those cases where, under the evidence, there is no controverted issue of fact for determination. In such a case there is nothing which the court could submit to a jury, and there is therefore no error in discharging the jury previously impaneled and in rendering judgment in accordance with the undisputed facts.

[2] But we are unable to sustain the assignments presenting this question, since the statement supporting the proposition is entirely insufficient. Rule 1 for the Supreme Court subd. (h), 159 S. W. viii, prescribing the essentials of an application for writ of error, declares:

"Each ground of error must be presented separately by an assignment stating clearly and succinctly the error complained of, which shall be immediately followed by such propositions of law, if the assignment be not itself submitted as a proposition, statement from the record, and citation of authorities, as will show in what manner the particular ruling complained of was reasonably calculated to cause and did cause the rendition of, an improper judgment in the case."

[3] While the assignment and proposition are, respectively, sufficient to challenge the judgment of the Court of Civil Appeals, nevertheless the statement which follows is deficient in this, that it does not indisputably appear therefrom that defendant in error bank converted any of the property upon which plaintiff in error held a mortgage.- There is some evidence stated from which it might reasonably be inferred that it did convert 200 sacks of rice, but such conclusion is, at best, a mere inference deducible from the evidence and is not conclusive in the sense that it was not a jury issue; and if it were, this goes only to a part of the recovery, and we find nothing in the statement whatever from which even a jury could have found that plaintiff in error converted the balance of the mortgaged property. It is not our duty, nor our right, to examine the entire statement of facts to ascertain if plaintiff in error could have supported his assignment by a fuller statement from the record.

[4] And for yet another reason the judgment of the Court of Civil Appeals remanding the case should not be reversed. It is well established that a proper judgment of the Court of Civil Appeals will not be reversed by the Supreme Court, even though that court puts its decision upon an improper ground. Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185.

[5] We have examined defendant in error's brief as appellant in the Court of Civil Appeals, and in presenting its complaint of the action of the trial court in withdrawing the case from the jury, in order to show that such ruling was not justified, there is set out under such assignment what the appellant de-

clares to be "the only evidence with reference to the alleged conversion." This statement does not set forth any evidence, much less undisputed evidence, that defendant in error converted the mortgaged property. The statement thus presented by appellant to the Court of Civil Appeals was not challenged by the appellee, and we have furthermore read the statement submitted by appellee in reply thereto, and it does not contain such quotations from the record as would justify the action of the trial court. In such a case, the Court of Civil Appeals is authorized, if it is not its duty, to accept the statement by the appellant, and as we have shown, this statement would amply justify the holding of the Court of Civil Appeals that the trial court erred in withdrawing the case from the jury. See rule 31 for the Courts of Civil Appeals, 142 S. W. x.

[6, 7] We are not inclined to agree with the language of the Court of Civil Appeals that:

"Where a jury has been demanded and impaneled to try a matter in dispute between parties, the trial court has no power, over objection of the parties, to withdraw the case from the jury and enter judgment upon the facts, even though they be well pleaded and indisputably proved."

This is stating it too broadly. If the facts are well pleaded and indisputably proved, there is nothing to be submitted to the jury and the trial court could not do otherwise than to instruct a verdict or withdraw the case and render judgment. The cases cited for this statement by the Court of Civil Appeals, notably Ablowich v. National Bank, 95 Tex. 429, 432, 67 S. W. 79, 881, indicate that the court was misled by the doctrine obtaining in this state that a court has no authority to enter judgment non obstante veredicto. But the giving of a summary instruction or the withdrawal of a case from a jury does not violate this rule. But we do approve the final holding of that court to the effect that, in view of the evidence (as stated in the briefs), the trial court erred in withdrawing the case from the jury and rendering judgment as he did.

It is next complained that the Court of Civil Appeals erred in holding that the certified copies of plaintiff's chattel mortgages were improperly admitted in evidence over the objections of the defendant bank that the execution of the originals was not proved.

There is some apparent confusion in the authorities upon this point. The mortgages in this case had been properly registered under the statute and certified copies thereof filed among the papers in the case for the required time before such copies were offered in evidence. The Court of Civil Appeals cites for its ruling Betterton v. Echols, 85 Tex. 212, 20 S. W. 63, Peterson v. Martinez, 34 Tex. Civ. App. 212, 78 S. W. 401, and Ames Iron Works v. Chinn, 15 Tex. Civ. App. 88, 38 S. W. 247,

while the plaintiff in error cites and relies especially upon Oxsheer v. Watt, 91 Tex. 402, 44 S. W. 67. The latter contends that the authorities cited by the Court of Civil Appeals were decided under an older statute (Gammel's Early Laws, vol. 8, p. 1434) and that a later amendment embodied in the 1895 codification has wrought a change in construction.

In the Betterton v. Echols Case, the court said:

"We think the objection [execution of the original not proved] well taken, and the mortgage should have been excluded. This was a chattel mortgage, and is required to be registered under the Act of April 22, 1879 (2 Sayles' Civ. Stat. art. 3190b); and since that act went into effect it is an instrument that is not authorized to be recorded by article 4331 of the Revised Statutes. Therefore we think it was not admissible without proof of its execution, even if it had been filed among the papers three days before the trial and proper notice had been given. The Act of April 22, 1879, is peculiar. It permits the registration of chattel mortgages without acknowledgment in proof of their execution, and therefore we think it was not intended that they should be admitted in evidence under any circumstances except upon proof as at common law."

The Ames Iron Works v. Chinn and the Peterson v. Martinez Cases by the Courts of Civil Appeals follow Betterton v. Echols. It is significant that in each of these cases the instrument was offered against one not a party thereto.

In Oxsheer v. Watt the plaintiff offered in evidence a certified copy of a chattel mortgage made by the clerk of the county court as required by statute, to which the defendant objected that the execution of the original mortgage had not been proved, and the court said:

"It appeared from the certificate of the clerk of the county court of Taylor county that the original mortgage was on deposit in his office, and the certified copy was therefore admissible the same as the original would have been if it had been offered." R. S. 1895, art. 3330.

[8, 9] The defendant objecting in that case was a party to the mortgage. The two lines of decisions are therefore not in conflict. Under our present statute a certified copy of a chattel mortgage, duly registered and duly filed amongst the papers in the case, is admissible in evidence the same as the original would have been if it had been offered. And as to the party sought to be charged, no proof of the execution of the original is required unless its execution has been denied under oath. But where the party objecting is not the one sought to be charged on the instrument and therefore within the requirement for a denial under oath, the instrument must be proved as at common law. But it is perhaps unnecessary that we should have discussed these authorities, since it appears from the evidence that the execution of the orig-

inal mortgages was proved. The maker, Spencer, testified:

"I executed the notes which have been introduced in evidence and the original of the chattel mortgages, certified copies of which are here. I have seen these copies."

[10] We doubt the admissibility of plaintiff in error's testimony as to what Hatmaker, the man in charge of the 200 bags of rice, told him with reference to the claim of defendant in error bank. It is doubtful if the evidence shows that he had authority to speak for the bank. The fact that the bank, through its president, subsequently claimed the rice does not show such authority. But, since the cause is to be reversed in any event, the question need not arise on another trial.

[11-13] Finally, plaintiff in error complains that the Court of Civil Appeals erred in reversing the judgment and in remanding the entire cause, since there was no appeal by the defendants Spencer, Old River Company, and (or) Industrial Rice Mill, Inc. We think this contention should be sustained. The rule undoubtedly is that an appeal by one party to a judgment and a reversal had by him will not work a reversal of the judgment as to other parties not appealing, unless the respective rights of the appellant and his coparties are so interwoven or dependent upon each other as to require that course. Where, however, the judgment is a several one, each defendant thereby becomes primarily liable, and an appeal and reversal by one will not work a reversal as to all. To illustrate, in a suit against a principal and surety, where judgment is recovered against both and the principal appeals and reverses the case, necessarily the liability of the surety is so dependent upon the liability of the principal as that such a reversal results in the reversal of the judgment in toto. On the other hand, if the surety appeals and reverses, such result does not at all follow, for the liability of the principal is primary and independent. In the present case, the judgment against all of the defendants is joint and several, and there is no reason why a reversal as to the appellant bank should work a reversal as to the judgments against the other defendants who have not appealed. See Burke v. Cruger, 8 Tex. 67, 58 Am. Dec. 102; Hamilton v. Prescott, 73 Tex. 566, 11 S. W. 549; Stanton v. Surety, etc., Co. (Tex. Com. App.) 244 S. W. 593.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed in so far as it reverses and remands the cause as to the appellees Spencer, Old River Company, and Industrial Rice Mill, Inc., and that as to such parties judgment should be here entered affirming the judgment of the trial court, but as to that part of the judgment of the Court of Civil Appeals reversing and remanding the cause as to the appellant Houston National Bank the judgment should be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed in so far as it reverses and remands the cause as to Spencer, Old River Company and Industrial Rice Mill, Inc., and as to said named parties the judgment of the trial court for plaintiff is affirmed, but the judgment of the Court of Civil Appeals reversing and remanding the cause as to Houston National Bank is affirmed.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.