## LUNA et al. v. JOHNSTON. (No. 723.)

Court of Civil Appeals of Texas. Waco.
Nov. 8, 1928.

Rehearing Denied Dec. 13, 1928.

White & Yarborough, of Dallas, for appellants.

W. N. Coombes, of Dallas, for appellee.

BARCUS, J. Appellee, the father of appellant Bertha Luna, instituted this suit against appellants in trespass to try title to

45 acres of land in Dallas county. He claims the land in controversy as his separate estate on two theories: First, because of a verbal gift of the property by his mother to him in 1874, five years prior to his marriage to Ella Johnston deceased, the mother of Bertha Luna, in 1879; and, second, by reason of a deed executed by his mother in 1883, four years after he married, conveying the property to him for a recited consideration of $500 paid. Appellee alleged that the deed from his mother to him was to carry out the verbal gift to him made some nine years before and that as a matter of fact the $500 recited in the deed was not paid.

Appellants answered by a number of special exceptions and a plea of not guilty. On the trial appellee was permitted, over objection, to testify to the verbal gift of the land to him by his mother in 1874, and also permitted, over objection, to testify that the deed in 1883 was a deed of gift and that the $500 recited therein as being paid was not in fact paid, and that no consideration was paid by him or his wife for said land. At the conclusion of the testimony the court instructed the jury to return a verdict for appellee.

■ Appellants complain of the action of the trial court in permitting appellee to testify to the conversation he had with his mother with reference to the gift of the property, and with reference to the fact that the land was conveyed to him without any consideration being paid, on the ground that said testimony was prohibited by article 3716 of the Revised Statutes, which prohibits a party from testifying relative to a transaction with a deceased person in a suit by or against executors, administrators, guardians, heirs or legal representatives of the decedent. We overrule these assignments. The identical question involved here, under almost the same state of facts, was raised in Wootters v. Hale, 83 Tex. 563, 19 S. W. 134, and the Supreme Court there held adversely to appellant's contention, for the reason that the son did not claim the land as the heir or legal representatives of his father, but claimed same by reason of a parol gift from his father, accompanied by occupation and improvements on the land. This ruling has been uniformly upheld by our courts. Walton v. Walton (Tex. Civ. App.) 191 S. W. 188; King v. Morris (Tex. Com. App.) 1 S.W.(2d) 605.

■ Appellants complain of the action of the trial court in permitting Mrs. H. B. Johnston, the sister-in-law of appellee, to testify with reference to verbal statements of appellee's mother regarding said property, on the ground that same was inadmissible by virtue of said article 3716 of the Revised Statutes. There was no error in the court's overruling the objection urged. Mrs. H. B. Johnston was not a party in any way to this suit and her interests could not in any way be affected by the result thereof.

■ Appellants complain of the action of the trial court in refusing to submit to the jury the issue as to whether the property was appellee's separate estate. Appellants contend that the evidence was sufficient to raise said issue and that, therefore, the trial court was not authorized to withdraw same from the jury. We sustain these assignments. The law seems to be well settled that, where a deed to real estate is made to either spouse during coverture, same is presumed to be community property, and under the language of the present statute (article 4619), this presumption will prevail, "unless the contrary be satisfactorily proved." Henninger v. Pickren (Tex. Civ. App.) 295 S. W. 264; Miller v. Lemm (Tex. Com. App.) 276 S. W. 211; article 4619, Revised Statutes, as amended by the 40th Legislature, p. 219. As amended by the 40th Legislature, page 219, art. 4619, now reads:

"All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved."

The deed which conveyed the property in question to appellee was executed five years after he and his wife were married, and recited a cash payment of $500. A recitation of payment in a deed is prima facie evidence that the amount named therein was actually paid, and the burden is upon the person attacking same to show a different consideration. Russell v. Beckert (Tex. Civ. App.) 195 S. W. 607; Robertson v. Hefley, 55 Tex. Civ. App. 368, 118 S. W. 1159; Whitlock v. Barham & Duncan, 172 Ark. 198, 288 S. W. 4. In addition to the above testimony, appellee testified that, at the time his mother conveyed the property in controversy to him, she made deeds of gift to other portions of her land, in equal value, to her other children for the purpose of dividing her real estate equally between her children, and that all of said deeds were executed by his mother without any consideration being paid. In connection with said testimony appellee offered in evidence the various deeds. Two of them recited a cash payment of $60, three of them recited a cash payment of $500, and one recited a cash payment of $800 by the respective grantees. The land conveyed being of equal value and the recited consideration paid therefor being different raised the presumption that she was selling her land to her respective children for different considerations paid to her at said time, and tended to show that appellee's testimony which contradicted said recitations was untrue. Appellee's case rested largely upon his testimony. We think clearly the testimony as a whole was

sufficient to raise the issue as to whether said property was appellee's separate estate or whether it was the community estate of himself and his deceased wife, and same should have been submitted to the jury for its determination. Our courts uniformly hold that, where there is an issue of fact, it is error for the trial court to instruct the jury to return a verdict. T. & N. O. Ry. Co. v. Rooks (Tex. Com. App.) 293 S. W. 554; Houston Nat. Bank v. Adams (Tex. Civ. App.) 295 S. W. 198; Id. (Tex. Com. App.) 1 S.W.(2d) 878.

For the error indicated, the judgment of the trial court is reversed, and the cause remanded.